■ In the Matter of JUNARO C., a Child Alleged to be Neglected. MARIA C., Also Known as MARIA G., Appellant; NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, Respondent.—In two child neglect proceedings pursuant to Family Court Act article 10, Maria C. appeals (1) from an order of disposition of the Family Court, Rockland County (Stanger, J.), dated December 30, 1987, which, upon a fact-finding order dated November 30, 1987, made after a hearing, *inter alia*, finding that the child had been neglected, placed the child in the custody of the Rockland County Department of Social Services for a period of 18 months, and (2) from a nondispositional order of the same court, dated February 25, 1988, which denied her application, *inter alia*, to stay the removal of the child from the Rockland Children's Psychiatric Center to a facility in Texas.

Ordered that the appeal from the nondispositional order is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Maria C. was charged under one petition with violating the conditions attached to an order of fact finding and disposition, containing a suspended judgment of neglect with respect to her infant son, and under a second petition with neglecting her son by refusing to comply with the recommendations of the Rockland Children's Psychiatric Center, where he was hospitalized, that he be placed in a residential treatment facility. The Family Court Judge determined that the charges contained in both petitions were established by competent proof by a preponderance of the evidence (Family Ct Act § 1046 [b] [i], [ii]; § 1071). We agree. Maria C.'s own testimony demonstrated that she refused to sign consent forms as requested by the Child Protective Services caseworker and that she failed to attend therapy sessions as ordered.

Moreover, the petitioner established by expert psychiatric testimony that Maria C. failed to supply her son with adequate psychiatric medical care which placed her son in imminent danger of having his mental and emotional condition impaired (Family Ct Act § 1012 [f] [i] [A]; § 1012 [a]). Maria C. has offered no alternative plan for her son which would provide him with the psychiatric treatment and highly structured environment which he requires (Matter of Hofbauer, 47 NY2d 648).

The appeal by Maria C. from the nondispositional order is rendered academic by the amended order of the Family Court, Rockland County, dated June 6, 1988, which directed that the child be placed at Astor Home in Rhinebeck, New York, for a period of one year effective June 27, 1988. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.