■ In the Matter of MICHELLE S., Alleged to be a Neglected Child. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHY S., Appellant. [600 NYS2d 303] —Levine, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered June 26, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

As a result of a physical altercation in September 1991 between respondent and her daughter Michelle (born on July 11, 1977), a child neglect proceeding was brought against respondent pursuant to Family Court Act article 10. At the conclusion of the fact-finding hearing, Family Court found by a preponderance of the evidence that Michelle was a neglected child in that her physical, mental and emotional condition had been impaired and was in imminent danger of becoming further impaired as a result of respondent's conduct and mental disorder. In reaching this conclusion, Family Court expressly credited the evidence given by Michelle, and by Richard Liotta, the clinical psychologist appointed by the court to evaluate the mental condition of Michelle and respondent.

Given the deference to which Family Court's determination of the credibility of witnesses in a neglect proceeding is entitled *(see, Matter of Claudia C.,* 103 AD2d 845), the evidence amply supports the finding of neglect. The child described a history of physically and emotionally abusive behavior toward her by respondent, including respondent's attempts to run her over with an automobile three times in one incident and repeatedly provoking hostile confrontations accompanied by verbal abuse, threats and assaults. Liotta opined that this behavior had a deleterious effect on Michelle's mental stability and self-esteem. Liotta found that respondent was severely psychiatrically disturbed, with a primary diagnosis of manic, bipolar disorder, at times becoming psychotic. The nature of respondent's disorder makes it likely that her behavior toward Michelle will be repeated, and that respondent will both resist and become hostile to attempts at professional treatment of her condition. Thus, Liotta opined, it would be detrimental to Michelle's mental health to live with respondent. This evidence in and of itself was

sufficient to support a finding of neglect (see, Matter of Zariyasta S., 158 AD2d 45, 48).

Respondent argues on appeal that reversal is required because Family Court granted petitioner's motion to amend the petition to conform to the proof concerning her mental disorder as an additional allegation of neglect, without granting respondent an adjournment to prepare to meet the amended allegations, as required by Family Court Act § 1051 (b). However, respondent failed to object to the introduction into evidence of Liotta's report, which was the basis for the amendment; she also did not object to the granting of the motion to amend and did not request an adjournment to prepare a rebuttal to the evidence of her mental disorder and its effect on Michelle. Thus, she has failed to preserve this issue for appellate review (see, Matter of Brian QQ., 166 AD2d 749, 750; see also, Family Ct Act § 1118; CPLR 5501 [a] [3]). Respondent's mental condition was well documented before this evidence was admitted at the fact-finding hearing, as a result of her prior hospitalizations in a psychiatric center and prior evaluations. The record does not contain a hint of any surprise or prejudice as a result of the granting of the amendment and, thus, there is no reason to correct any error in this respect as a matter of discretion in the interest of justice.

Finally, we note that respondent waived the holding of a formal dispositional hearing and consented to a disposition based upon the evidence already adduced. That evidence admits of no other conclusion but that placement of Michelle away from respondent was required in Michelle's best interest and that no realistic treatment plan for respondent could have avoided that disposition. Consequently, the failure of Family Court to make findings regarding "reasonable efforts to prevent or eliminate the need for removal of the child from the home" (Family Ct Act § 1052 [b] [i] [A]) was, at most, harmless error.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.