■ In the Matter of BEVERLY BROWN, Petitioner, v JOHN A. JOHNSON et al., Respondents. [742 NYS2d 279] —Determination of respondent Commissioner of the New York State Office of Children and Family Services, dated June 21, 2000, which, after a fair hearing pursuant to Social Services Law § 422 (8) (b), denied petitioner's request to expunge a report of maltreatment maintained in the New York State Central Register of Child Abuse and Maltreatment, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael Stallman, J.], entered January 5, 2001), dismissed, without costs.

Respondent's finding that petitioner maltreated a four-year-old foster child by leaving her unsupervised in a room with the anti-seizure medicine Tegretol, which the child swallowed, is supported by substantial evidence, including petitioner's own testimony that she gave a dose of the medicine to another four-year-old foster child in her care for whom the medicine had been prescribed and then left the room before confirming that the medicine had been swallowed (18 NYCRR 432.1 [b] [1] [ii]). An isolated accidental injury due to inadequate supervision may constitute maltreatment if the foster parent "was aware of the intrinsic danger of the situation" (*Matter of James HH.*, 234 AD2d 783, 784, *lv denied* 89 NY2d 812), and the danger of leaving two four-year children unsupervised in the same room with dangerous medicine is apparent. While the isolated incident, which occurred more than 10 years ago, may be relevant to petitioner's application to adopt her six grandchildren, it is certainly not dispositive on the issue. We have considered petitioner's other arguments and find them unavailing. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.