■ In the Matter of JOSEPH T., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Ap-

pellant; ROSEANNE T., Respondent. In the Matter of MICHELLE T., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ROSEANNE T., Respondent. [805 NYS2d 87]—

In related neglect proceedings pursuant to Family Court Act article 10, the petitioner, Nassau County Department of Social Services, appeals from so much of an order of the Family Court, Nassau County (Marks, J.), dated January 18, 2005, as granted that branch of the respondent's motion which was to preclude it from offering "any evidence gathered from or obtained as a result of a sealed report in this matter."

Ordered that the order is modified by deleting the provision thereof granting that branch of the respondent's motion which was to preclude the petitioner from offering "any evidence gathered from or obtained as a result of a sealed report in this matter" and substituting therefor a provision granting that branch of the motion only to the extent of precluding the petitioner from offering the sealed report in this matter as evidence in the underlying neglect proceedings; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The State Office of Children and Family Services deemed "unfounded" allegations in a report to the New York State Child Abuse and Maltreatment Registry regarding the respondent and her two children, Joseph T. and Michelle T. Accordingly, the report was sealed in compliance with Social Services Law § 422 (5).

The petitioner was not barred from commencing and maintaining a Family Court Act article 10 proceeding against the subject of the report based on the same set of facts contained in the sealed report (see Social Services Law § 422 [11]; § 424 [11]; Matter of Diane P., 110 AD2d 354 [1985]). The provision in the order precluding the petitioner "from offering any evidence gathered from or obtained as a result of [the] sealed report in this matter" goes beyond the scope of Social Services Law § 422 (5) and is contrary to Social Services Law § 422 (11) and § 424 (1). Thus, we modify the order accordingly.

In light of our determination, we need not address the petitioner's remaining contentions. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.