■ In the Matter of BRICE L. and Others, Infants. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRICE L., Appellant. [815 NYS2d 273]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Simeone, J.), dated November 15, 2004, as, after a fact-finding hearing, found that he had neglected the subject children.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the father's contention, the petitioner established a prima facie case that he neglected the subject children by failing to provide proper supervision and guardianship on several occasions which placed the subject children in imminent risk of harm and resulted in actual harm to one of the children (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta,* 3 NY3d 357, 368 [2004]). Based upon our review of the record and deferring to the Family Court's resolution of credibility issues (*see Matter of Irene O.,* 38 NY2d 776 [1975]; *Matter of Sylvia J.,* 23 AD3d 560, 562 [2005]; *Commissioner of Social Servs. of City of N.Y. v Clifton F.,* 207 AD2d 836, 837 [1994]), we conclude that the Family Court's determination that the father neglected the

subject children is supported by a preponderance of the evidence (*see Matter of James HH.,* 234 AD2d 783 [1996]; *see also Matter of Brown v Johnson,* 294 AD2d 241 [2002]).

The Family Court providently exercised its discretion in adding a new allegation of neglect by granting the petitioner's motion for leave to amend the petition to conform to the proof concerning an incident that occurred after the filing of the original petition (*see* Family Ct Act § 1051 [b]; *Matter of Michelle S.,* 195 AD2d 721 [1993]; *Matter of Shawniece E.,* 110 AD2d 900 [1985]). Contrary to the father's contention, the petitioner was not precluded from seeking leave to amend the petition on the basis of a report made to the State Central Register concerning the recent incident since the caseworker testified that the report had been investigated by Child Protective Services and was approved to be "indicated" (*see* Family Ct Act § 1046 [a] [v]; *cf.* Social Services Law §§ 412 [12], 422 [5] [b]; *cf. Matter of Joseph T.,* 23 AD3d 482 [2005]; *Matter of Diane P.,* 110 AD2d 354 [1985]).

The father's remaining contention is without merit. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.