In the Matter of JOHN H.M., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUNE I.M., Appellant. [864 NYS2d 89]—

In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from stated portions of a fact-finding order of the Family Court, Nassau County (Zimmerman, J.), dated January 8, 2007, which, after a hearing, found, inter alia, that she neglected her son John H.M.

Ordered that the fact-finding order is affirmed insofar as appealed from, without costs or disbursements.

The fact-finding order was supported by evidence which established that the subject child's home was maintained in an unsanitary and unsafe condition (*see Matter of Nathifa B.,* 294 AD2d 432 [2002]; *Matter of Kathleen GG. v Kenneth II.,* 254 AD2d 538 [1998]; *Matter of Commissioner of Social Servs. v Anne F.,* 225 AD2d 620 [1996]; *Matter of Lillian R.,* 196 AD2d

503 [1993]). The evidence also established that the child's physical, emotional, and mental health was impaired or in imminent danger of being impaired due to the chaotic and violent conditions in the home, the mother's failure to follow up with therapeutic recommendations for the child's diagnosed emotional problems and special needs, and her failure to administer prescribed medication or to consult a practitioner regarding alternatives (*see* Family Ct Act § 1012 [f] [i] [A], [B]; [h]; *Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Junaro C.*, 145 AD2d 558, 559 [1988]; *Matter of William AA.*, 24 AD3d 1125, 1126-1127 [2005]). In particular, the child's treating psychologist stated that the child exhibited dangerous behavior and opined that he was in danger of harming himself or others without the recommended treatment. Accordingly, the petitioner proved by a preponderance of evidence that the child was neglected (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tajani B.*, 49 AD3d 874 [2008]).

Contrary to the mother's contention, the Family Court properly concluded that the amendment to the petition did not result in either surprise or prejudice to her (*see* Family Ct Act § 1051 [b]; *Matter of Brice L.*, 29 AD3d 910, 911 [2006]; *Matter of Nikole B.*, 263 AD2d 622 [1999]; *Matter of Michelle S.*, 195 AD2d 721, 722 [1993]). Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.