OPINION OF THE COURT
Bryanne A. Hamill, J.
Background
On May 30, 2009, the Administration for Children’s Services (hereinafter ACS) filed a petition alleging that on or about March 29, 2009, the respondent Miguel D. (hereinafter respondent father or respondent) committed a sexual offense against the 13-year-old subject child, Alma. The petition states that respondent is a person legally responsible for the subject children, Alma (date of birth xx/xx/1996), Joselyn (date of birth xx/xx/ 1998), Amanda (date of birth xx/xx/2004). The petition also alleges that he is the father of subject child Emmanuel D. (date of birth xx/xx/2007). The petitioner further alleges that when Alma informed the respondent mother of the abuse, she told Alma that she should be more careful, and the mother failed to take any steps to protect her daughter. The petition alleges that as a result of the allegations the other children in the home are derivatively neglected. On May 30, 2009, the court paroled the children to the respondent mother and issued an order excluding the respondent father from the home.
On July 17, 2009, before another court, the respondent father made an application for a 1028 hearing, pursuant to Family Court Act § 1028 (f), requesting that he be allowed to return to the home and the children. That court scheduled the hearing for August 5, 2009. At the court conference prior to the hearing, ACS informed the court that it intended to submit into evidence two oral report transmittals (hereinafter CRT). The first CRT was dated February 2008 and was deemed unfounded. The second CRT was dated April 9, 2009 and was indicated, which resulted in ACS bringing this proceeding. The April 9, 2009 CRT stated that over the past year the respondent father had *831 been sexually abusing the subject child, Alma. The source of the ORT further stated that a report of sexual abuse against the respondent father was made last year but was unfounded because the child was too afraid to talk.
The children’s attorney made a request to adjourn the hearing in order to discuss the February 2008 unfounded ORT with her client and to determine whether there was now a conflict of interest in representing all the children.[1] The respondent father objected to the unfounded ORT coming into evidence, but consented to the 1028 hearing being adjourned to August 13, 2009.
On August 10, 2009, the respondent father filed an order to show cause, with a memorandum of law, to preclude ACS from (a) submitting the February ORT into evidence at the respondent’s 1028 hearing and (b) making any further disclosure of that ORT to the court and the child’s attorney. ACS submitted a memorandum of law in opposition to respondent’s motion.
On August 13, 2009, this court heard oral argument and granted the respondent father’s order to show cause to the extent of precluding ACS from submitting the unfounded ORT into evidence and directing ACS and the child’s attorney from any further disclosure of the unfounded report. The court returned its copy of the unfounded ORT to ACS and directed that the children’s attorney do the same. However, this court denied the respondent’s further request to preclude ACS from offering into evidence testimony as to their investigation of the unfounded ORT for purposes of the 1028 hearing.
This written decision incorporates the court’s analysis as to its ruling.
Analysis
The respondent father contends that pursuant to Social Services Law § 422 (5) (b), the February 2008 unfounded report and any testimony regarding the report are inadmissible in a judicial proceeding and that no exception to the rule applies. Respondent relies on Matter of Nicolette H. (10 AD3d 657 [2d Dept 2004]) in support of his argument. He further argues that the court should issue a protective order precluding any further disclosure of the unfounded report to the children’s attorney or *832 the court. He argues that pursuant to Social Services Law § 422 (5) (a) the unfounded report should be sealed and may be unsealed only to the persons cited in the statute. The respondent argues that insofar as the child is not, pursuant to Social Services Law § 412 (4), the “subject of the report,” the report may not be disclosed to the children or their attorney. Further, he argues that because the Legislature specifies very limited exceptions to the sealing requirement for unfounded cases, including the “subject of the report” but not “other persons named in the report,” the Legislature obviously intended to exclude the latter from the list. The respondent contends that the court should direct that ACS refrain from making any further disclosures of the unfounded report, and he requests a protective order to prevent further violations. Lastly, the respondent requests that the child’s attorney should not redisclose the unfounded report and should destroy all copies of it.
ACS submitted opposition to the respondent’s motion, in which ACS concedes that it cannot submit the prior unfounded ORT into evidence. However, it argues the Appellate Division in Matter of Joseph T. (23 AD3d 482 [2d Dept 2005]) made a distinction between the admissibility of information and facts obtained from an investigation of a subsequently sealed report and the report itself. In reliance on the holding in Joseph T., ACS contends that the court may allow the information gathered from the subsequent investigation into evidence through testimony.
Social Services Law § 422 states in part:
“5. (a) Unless an investigation of a report conducted pursuant to this title or subdivision (c) of section 45.07 of the mental hygiene law determines that there is some credible evidence of the alleged abuse or maltreatment, all information identifying the subjects of the report and other persons named in the report shall be legally sealed forthwith by the central register and any local child protective services or the state agency which investigated the report. Such unfounded reports may only be unsealed and made available: . . .
“(iii) to a local child protective service, the office of children and family services, all members of a local or regional multidisciplinary investigative team, the commission on quality of care for the mentally disabled, or the department of mental hygiene, when investigating a subsequent report of suspected abuse
*833 or maltreatment involving a subject of the unfounded report, a child named in the unfounded report, or a child’s sibling named in the unfounded report.”
The investigation by ACS as a result of the April 9, 2009 ORT clearly gave ACS the authority to unseal the prior unfounded report. The child was named in the unfounded report, as well as the respondent, who was the subject of the unfounded report. However, the law is clear that the ORT is not admissible and may not be submitted into evidence.
Social Services Law § 422 (5) (b) states in part:
“(b) Persons given access to unfounded reports pursuant to subparagraph (v) of paragraph (a) of this subdivision shall not redisclose such reports except as necessary to conduct such appropriate investigation or prosecution and shall request of the court that any copies of such reports produced in any court proceeding be redacted to remove the names of the subjects and other persons named in the reports or that the court issue an order protecting the names of the subjects and other persons named in the reports from public disclosure. The local child protective service or state agency shall not indicate the subsequent report solely based upon the existence of the prior unfounded report or reports. Notwithstanding section four hundred fifteen of this title, section one thousand forty-six of the family court act, or, except as set forth herein, any other provision of law to the contrary, an unfounded report shall not be admissible in any judicial or administrative proceeding or action.” (Emphasis added.)
In 1996, the Elisa’s Law Child Protective Services Reform Act of 1996 amended Social Services Law § 422.[2] The purpose was to reform the standards for retaining and disclosing child protective services and other child welfare information in order to improve the quality of investigations of suspected child abuse or maltreatment and to encourage greater governmental accountability in the child welfare system.
Section 9 of Elisa’s Law amended the prior section 422 (5), which provided that when a report of abuse or maltreatment has been unfounded, such report must be expunged forthwith by the Department of Social Services (DSS) and the local child protective service or state agency which investigated the report.
*834 The amended section 422 (5) of the Social Services Law provides that, if determined unfounded by the local child protective service or certain investigating state agencies, reports of abuse or maltreatment shall be legally sealed. However, for the purpose of investigating a subsequent report of child abuse or maltreatment, such report shall be unsealed and made available to a local child protective service or state agency.
The statement in support of the bill sets forth in part:
“This bill would address many situations which are now potentially dangerous for children, by requiring the Department to retain the reports in all cases for a specified period of time. Information contained in unfounded reports, which may demonstrate a possible pattern of abuse or maltreatment over time, is not available because current standards require the immediate expungement of unfounded reports. For example, there are cases where a parent may be abusing or maltreating their child, but is nevertheless able to give a plausible explanation for the child’s injury. It is only over time that a pattern of serious repeated injury to the child becomes evident. In addition, this bill would address cases where there is evidence that a child has suffered abuse or maltreatment, but because of the multitude of potential abusers, it becomes very difficult to identify the abuser. Similarly, there are also cases involving the sexual abuse of young children, where the child is too young to identify the abuser, who may be a family member or some other person with access to the child. This bill will now give caseworkers access to those records which might save the children in these situations from continued abuse and maltreatment.” (Sponsor’s Mem, L 1996, ch 12, 1996 McKinney’s Session Laws of NY, at 1986.)
In Matter of Mary L. v State of N.Y. Dept. of Social Servs. (244 AD2d 133 [3d Dept 1998]), a CPLR article 78 proceeding was brought to challenge the constitutionality of Elisa’s Law. The Third Department found that Elisa’s Law did not violate substantive due process: maintaining sealed, unfounded reports of child abuse for purposes of subsequent investigations was rationally related to the community interest of improving the safety of children and did not effectuate arbitrary deprivation of liberty.
“The principal purpose of these changes was to help *835 child protective workers detect and investigate a ‘pattern of abuse’ revealed by unfounded reports previously expunged, since an unfounded report merely means that ‘some credible evidence of the alleged abuse or maltreatment’ has not been found to exist (18 NYCRR 432.1 [f]) and does not always indicate that a child has not been abused.” (Id. at 135.)
The Second Department in Matter of Joseph T. (23 AD3d 482, 483 [2005]) modified an order issued by the Family Court, precluding the petitioner, Nassau County Department of Social Services, from offering “any evidence gathered from or obtained as a result of a sealed report in this matter.” The Appellate Division modified the order and substituted a provision which precluded DSS only from offering the sealed report in this matter as evidence in the underlying neglect proceedings. The Court reasoned: “The provision in the order precluding the petitioner [DSS] from offering any evidence gathered from or obtained as a result of [the] sealed report in this matter goes beyond the scope of Social Services Law § 422 (5) and is contrary to Social Services Law § 422 (11) and § 424 (1).” (Id. [internal quotation marks omitted].)
In a Second Department case prior to the enactment of Elisa’s Law, Matter of Diane P. (110 AD2d 354 [1985]), the petitioner (Westchester County S.P.C.C.) in a child protective proceeding lacked standing to challenge the propriety of ex-pungement of earlier unfounded child abuse reports of the respondent. In its decision, the Court stated, “This does not mean, of course, that the alleged acts of abuse underlying those reports may not be proven by appropriate and admissible evidence.” (Id. at 355.)
In the case at bar, the respondent cites Matter of Nicolette H. (10 AD3d 657 [2d Dept 2004]) in support of his position. There, the Family Court dismissed a Family Court Act article 10 petition after a fact-finding, as DSS failed to establish a prima facie case that the children were abused or neglected. The Second Department found, “Under the particular circumstances of these cases, the Family Court properly refused to allow a caseworker to testify concerning prior investigations of the respondent which led to reports later determined to be unfounded.” (Id. at 658.)
The Court in Nicolette H. (10 AD3d at 658) very specifically stated that “under the particular circumstances of these cases,” *836 without specifying the facts of the case, the caseworker’s testimony as to prior investigations was not admissible. The finding in Joseph T., by the same Court one year later, modified the lower court’s ruling to allow evidence gathered from or obtained as a result of the sealed report. As well, the Court held that ACS was not barred from commencing and maintaining a Family Court Act article 10 proceeding against the subject of the report, based on the same set of facts contained in the sealed report. Similarly, here, the April 2009 ORT states that the child reported that she talked to another caseworker last year about the sexual abuse, but because the child was afraid to speak in detail, that case was unfounded. The testimony as to prior conversations with the child is clearly admissible in this case, as such conversations recorded in the indicated ORT are admissible.
Moreover, the basis of the April ORT is not only the prior allegations but also a recent incident. As set forth above, the amendment to Social Services Law § 422 in 1996 was made to allow a caseworker to unseal prior unfounded reports to see if there has been a pattern of abuse. “The purpose of the statute would be defeated if a respondent could use the results of the limited investigation as a shield against a subsequent Article 10 proceeding.” (Matter of H/M Children v L.M., NYLJ, Aug. 26, 2003, at 18, col 5 [Fam Ct, Bronx County].)
With regard to the respondent’s argument that the court should issue a protective order precluding any further disclosure of the February 2008 ORT, the court grants a limited protective order, requiring that the February 2008 ORT be returned to ACS and not further disclosed, pursuant to CPLR 3103.
The allegations the child made as to the respondent’s prior sexual abuse were recorded in the subsequent April 2009 ORT, which is not confidential, and any statement recorded therein as well as the ORT itself are clearly admissible. Counsel for the child is not precluded from discussing the recent or prior incidents with her client.
Accordingly, the court grants the respondent’s motion as follows: (1) precluding ACS from submitting the unfounded ORT into evidence; (2) directing ACS from any further disclosure of the unfounded report; and (3) directing the children’s attorney to refrain from disclosing the report. The court denies the respondent’s request to preclude ACS from offering into evidence testimony as to their investigation of *837 the unfounded ORT and denies directing the children’s attorney from discussing it with her child client. Further, insofar as the disclosure of the unfounded ORT report was not proper, neither the child’s attorney nor the court shall retain a copy of the report.

. On August 13, 2009, the children’s attorney made an oral application to the court to be relieved as attorney for the two youngest children, Joselyn and Emmanuel. That application was granted and another attorney was appointed to represent Joselyn and Emmanuel.

. Sponsor’s Mem, L 1996, ch 12 (Elisa’s Law Child Protective Services Reform Act of 1996), 1996 McKinney’s Session Laws of NY, at 1982, 1983.