■ In the Matter of MYLASIA P. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA P., Appellant. (Proceeding No. 1.) In the Matter of ISAIAH P. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA P., Appellant. (Proceeding No. 2.) [961 NYS2d 531]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Schauer, J.), entered September 7, 2011, which, after fact-finding and dispositional hearings, inter alia, found that she neglected the child Mylasia P. and derivatively neglected the child Isaiah P.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]; Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520 [2012]). Resolution of issues of credibility is primarily a matter to be determined by the Family Court, who saw and heard the witnesses (see Matter of Toneatti v Schiavone, 266 AD3d 303 [1999]; Matter of Commissioner of Social Servs. of City of N.Y. [Rafael R.], 188 AD2d 528, 529 [1992]).

Under the facts of this case, including the negative inference which the Family Court was entitled to draw against the mother upon her failure to testify at the fact-finding hearing (see Matter of Renee R. [Tonya D.], 98 AD3d 1048 [2012]), a preponderance of the evidence supported the Family Court's finding of neglect against the mother (see Matter of Alanah M. [Donnie M.], 96 AD3d 757, 758 [2012]). Although the child Mylasia P. attained the age of 18 during the proceeding, the Family Court has jurisdiction to adjudicate the neglect petition, as it was commenced prior to the child's 18th birthday (see Matter of Sheena B. [Rory F.], 83 AD3d 1056, 1058 [2011]; Matter of Jonathan M., 306 AD2d 413, 414 [2003]).

The petitioner was not barred from commencing and maintaining the instant Family Court Act article 10 proceeding

against the mother based on the same set of facts contained in a report deemed unfounded and sealed by the New York State Office of Children and Family Services (*see Matter of Joseph T.*, 23 AD3d 482, 483 [2005]; *Matter of Diane P.*, 110 AD2d 354, 355 [1985]).

The mother's remaining contentions are without merit. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.