OPINION OF THE COURT
Erik S. Pitchal, J.
Now pending before the court is motion No. 3, the petitioner’s motion to quash the respondent’s subpoena for certain Administration for Children’s Services (ACS) records, dated December 18, 2013. The subpoena in question was dated October 22, 2013 and seeks:
“Copies of any and all electronic and paper documentation regarding the household of RAMON R. (DOB X/X/1968) and/or his children ANTHONY R. (DOB X/X/2009), MARIA S. (DOB X/X/1997), JENNIFER R. (DOB X/X/2011), and JESSICA R. (DOB X/X/2003) including but not limited to anything related to ‘service’ cases, a case opened in 2007, ‘FSS’ cases, ‘ADVPO,’ ‘CWS’ cases, ‘advocate templates,’ and records from child safety conferences.”
The allegation in this Family Court Act article 10 proceeding, filed in 2013, is that the respondent Mr. Ramon R. committed sexual offenses against the subject child Maria S. starting when she was approximately eight or nine years old. If true, these offenses would have commenced in or around 2005 or 2006.
In discovery, petitioner disclosed records to respondent including a notation dated April 15, 2013, from the investigating worker indicating that she spoke to the worker who had been assigned to investigate a report on the family in 2007. The 2007 worker told the current worker that she did not recall details from the earlier case.
*691 Respondent requested that ACS disclose its records from the 2007 investigation. On the record on October 8, 2013, counsel for ACS indicated that because the 2007 report was unfounded, she cannot provide the requested documentation, but that respondent could subpoena the material. Respondent did so, and petitioner then moved to quash.
In addition to the motion itself, the court has reviewed the following papers: the respondent’s opposition, dated January 27, 2014; and the attorney for the child Maria’s reply in support of the motion to quash, dated February 3, 2014. Counsel for the nonrespondent mother sent an email dated February 4, 2014, indicating that he joins the motion to quash. A reply affirmation was also timely filed by the attorney for the other subject children, Anthony, Jessica, and Jennifer.[2]
Upon a review of the motion papers, the court grants the motion in part and denies the motion in part.
The information gathered by ACS during its 2007 investigation of the family has direct bearing on the current case. Though ACS claims that the subject of the 2007 report was the mother, who is not a respondent to the current proceeding, ACS also alleges in its petition that Mr. R. is a person legally responsible for Maria as he “lives in the family home, provides financial support to the family and cares for the subject children.” A child protective investigation typically includes an interview with each child concerning the care they receive from the adults in their home. It is likely, then, that during the 2007 investigation, ACS asked Maria about Mr. R., even though the initial report to the State Central Register may have only complained about the care being provided by the children’s mother. Given that ACS presently alleges that Maria was being sexually abused by Mr. R. during the period when ACS was investigating the family, the relevance of the investigation materials is clear, and the interests of justice require their disclosure.
Social Services Law § 422 (5) (a) provides that unfounded reports shall be sealed and shall not be made available to anyone other than certain specified persons. The court will conduct an in camera review to determine if the respondent qualifies under the statute to receive the unfounded report.
*692 By its own terms, section 422 (5) does not cover investigative materials related to unfounded reports other than the reports themselves. While 18 NYCRR 432.9 purports to require the sealing of the additional material, it is the court’s view that this regulatory provision goes beyond the statute. (See Matter of Joseph T., 23 AD3d 482 [2d Dept 2005]; Matter of A./D. Children, 25 Misc 3d 829 [Fam Ct, Kings County 2009].) Social Services Law § 422 (4) (A) (d) provides that any person named in the report, whether the subject or not, is entitled to “other information obtained . . . concerning” reports made to the State Central Register. Section 422 (5) only exempts the “reports” themselves from disclosure, when the reports are unfounded. If the legislature had intended to include “other information obtained, reports written, or photographs taken concerning such reports” in the material to be sealed, it would have specified this in section 422 (5), as it did in section 422 (4).
To the extent this determination implicates the privacy rights of the nonrespondent mother, Ms. Meregilda B.-S., who is purportedly the subject of the 2007 report, while she belatedly joined the petitioner’s motion to quash, she asserts no particular legal basis in support of her position. In any event, considering the reasonable probability that exculpatory material may be found within the investigative documents, the interests of justice require disclosure in this case.
It is hereby ordered: ACS is directed to release all documents pertaining to the 2007 investigation, as specified in the subpoena, except for the ORT (oral report transmittal) itself. The documents shall be provided no later than February 10, 2014, at 4:30 p.m.

. Unfortunately, the court was not aware of the existence of this pleading as of the return date and issued its ruling without having considered it. On the record on February 18, the court offered the attorney for Anthony, Jessica, and Jennifer the opportunity to argue for reconsideration, but she declined, noting that she was satisfied with the court’s decision.