# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**588**

**CAF 12-02048**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

IN THE MATTER OF JESUS M.
------------------------------------------------

ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JAMIE M., RESPONDENT-APPELLANT.

PAUL M. DEEP, UTICA, FOR RESPONDENT-APPELLANT.

GREGORY J. AMOROSO, COUNTY ATTORNEY, UTICA (DEANA D. PREVITE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

ROSEMARIE RICHARDS, ATTORNEY FOR THE CHILD, GILBERTSVILLE.

-----------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (James R.
Griffith, J.), entered April 16, 2012 in a proceeding pursuant to
Family Court Act article 10.  The order determined that respondent had
neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act
article 10, respondent mother appeals from an order that adjudged that
she neglected the child who is the subject of this proceeding.  There
was no fact-finding hearing, and the parties agreed that Family
Court's determination would be based solely upon a stipulation that,
inter alia, the mother had been diagnosed with dysthymic disorder,
generalized anxiety disorder, posttraumatic stress disorder, and
effective psychosis borderline personality disorder NOS, and the
mother was "unable to maintain stable housing" between June and
December 2011.

We note at the outset that, although the subject child has been
adopted by his foster parents, this appeal is not moot.  "A
determination of neglect creates 'a permanent and significant stigma
which is capable of affecting a parent's status in potential future
proceedings' and, thus, an appeal therefrom is not moot even though
the subject child has been adopted" (*Matter of Mahogany Z. [Wayne O.]*,
72 AD3d 1171, 1172, *lv denied* 14 NY3d 714; *see Matter of Jamiar W.
[Malipeng W.]*, 84 AD3d 1386, 1386-1387).

We agree with the mother that petitioner failed to establish by a
preponderance of the evidence that the child was in imminent danger of

becoming impaired as a consequence of the mother's mental condition (*see Matter of Jayvien E. [Marisol T.]*, 70 AD3d 430, 435-436). "[P]roof of mental illness alone will not support a finding of neglect . . . The evidence must establish a causal connection between the parent's condition, and actual or potential harm to the child[ ]" (*Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 640; *see generally Matter of Trina Marie H.*, 48 NY2d 742, 743). Here, the stipulation entered into by the parties did not include any information concerning the severity of the mother's diagnosed mental illnesses or any "evidence that the mother's mental illness[es] . . . placed the child[ ] in imminent danger" (*Joseph A.*, 91 AD3d at 640).

Contrary to the mother's contention, however, we conclude that petitioner established by a preponderance of the evidence that she neglected the child. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent . . . to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368; *see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]). Here, the parties stipulated that the mother was unable to maintain stable housing during the period between June and December 2011. Thus, "[t]he finding of neglect based on [the mother's] failure to provide adequate shelter is supported by a preponderance of the evidence and is, by itself, sufficient to support the finding of neglect" (*Matter of Alexander L. [Andrea L.]*, 99 AD3d 599, 599, *lv denied* 20 NY3d 856; *see* § 1012 [f] [i] [A]). We reject the mother's contention that the finding of neglect cannot be based upon the stipulation that she was unable to maintain stable housing because that conduct occurred after the petition was filed. After the parties stipulated that the mother was unable to maintain stable housing, the court granted petitioner's motion for leave to amend the petition to conform to the proof (*see* § 1051 [b]; *Matter of Ariel C.W.-H. [Christine W.]*, 89 AD3d 1438, 1438-1439; *cf. Matter of Elijah NN.*, 66 AD3d 1157, 1159, *lv denied* 13 NY3d 715). Thus, the petition was properly amended to include allegations of "incident[s] that occurred after the filing of the original petition" (*Matter of Brice L.*, 29 AD3d 910, 911; *see Matter of Jewle I.*, 44 AD3d 1105, 1107).

Entered: June 20, 2014                    Frances E. Cafarell
                                          Clerk of the Court