■ In the Matter of OLIVIA R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAILA G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MILANIA R. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KAILA G., Appellant, et al., Respondent. (Proceeding No. 2.) [30 NYS3d 296]—

Appeal from an order of disposition of the Family Court, Orange County (Carol S. Klein, J.), entered September 8, 2014. The order of disposition, after a hearing, placed the children under the supervision of the Orange County Department of Social Services for a period of 12 months. The appeal from the order of disposition brings up for review a fact-finding order of that court dated May 30, 2014, which, after a fact-finding hearing, found that the mother neglected the subject children.

Ordered that the appeal from so much of the order of disposition as placed the children under the supervision of the Orange County Department of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of supervision has expired; and it is further,

Ordered that order of disposition is affirmed insofar as reviewed, without costs or disbursements.

In March 2013, the petitioner commenced this proceeding

pursuant to Family Court Act article 10, alleging that the mother neglected the subject children, ages one and five, by leaving them unsupervised without employing a safety plan. After fact-finding and dispositional hearings, the Family Court determined that the mother neglected the children, placed the children under the supervision of the Orange County Department of Social Services for a period of 12 months, and ordered the mother to attend parenting classes, undergo a mental health evaluation, and participate in monthly meetings with the petitioner's caseworker. The mother appeals.

The record supports the Family Court's resolution of credibility issues (*see Matter of Brice L.*, 29 AD3d 910, 910 [2006]), and we find that the petitioner established that the mother intentionally left the children alone at home, which resulted in one child's decision to leave the home and wander outside unsupervised, only to be safely returned by a concerned neighbor. The Family Court's determination that the children were in imminent risk of harm due to the mother's neglect was, therefore, supported by a preponderance of the evidence, and we decline to disturb it (*see Matter of Jah Quan F. [Yadira P.]*, 127 AD3d 969, 970 [2015]; *Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1856 [2010]; *Matter of Stephen C. v Johnson*, 39 AD3d 932, 933 [2007]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.