Matter of Dream F. (Phillystina R.) (2020 NY Slip Op 05832)





Matter of Dream F. (Phillystina R.)


2020 NY Slip Op 05832


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Renwick, J.P., González, Kern, Scarpulla, JJ. 


Docket No. NN-12124-7/18 Appeal No. 12060-12061 Case No. 2019-5906, 2019-5702 

[*1]In re Dream F., and Others, Children Under Eighteen Years of Age, etc., Phillystina R., et al., Respondents-Appellants, Administration for Children's Services, Respondent-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for Phillystina R., appellant.
Andrew J. Baer, New York, for Jonathan F., appellant.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.



Order, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about July 16, 2019, which found, after a hearing, that respondent parents neglected the three older children and derivatively neglected the youngest by failing to provide proper supervision and adequate shelter, unanimously modified, on the law, to vacate the finding that the parents failed to provide adequate shelter, and otherwise affirmed, without costs.
A preponderance of the evidence supports the court's findings of neglect based on respondents' failures to adequately supervise the older children and of derivative neglect as to the youngest child (see Family Court Act § 1012[f][1][B]). The record shows that the mother left the three older children, then 5 years old, 2 years old, and 11 months old, in a locked car, with marijuana within their reach, for approximately 30 minutes, to go shoe shopping. The mother's failure to realize that small children should not be left unattended in a locked car for any period of time demonstrates a lapse in parental judgment; her conduct placed the children in imminent danger of physical or emotional harm (see Matter of Malachi H. [Dequisa H.], 125 AD3d 478 [1st Dept 2015]; Matter of Susan XX. v Tioga County Dept. of Social Servs., 74 AD3d 1543, 1544 [3d Dept 2010]).
The record shows that the father left the one-year-old and the five-year-old unattended in a bathtub half-filled with water for an appreciable period of time. Contrary to the father's contention, the court properly drew a negative inference from his failure to testify. Indisputably, leaving a one-year-old and five-year-old unattended in a bathtub is intrinsically dangerous and manifests an appalling lack of judgment that placed the children in substantial risk of harm. Taken as a whole, the record presents an inference that he was aware or should have been aware of the inherent danger of his actions (see Matter of Leah VV. [Theresa WW.], 157 AD3d 1066, 1067 [3d Dept 2018], lv dismissed 31 NY3d 1037 [2018]).
The only evidence that respondents failed to maintain the home in a sanitary condition was the caseworker's testimony about her observations during a single visit, which is insufficient to support the finding of neglect on that basis (see Matter of Puah B. [Autumn B.], 173 AD3d 422, 423 [1st Dept 2019], appeal dismissed 33 NY3d 1117 [2019]; Family Court Act § 1012[f][A]).
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020