Matter of M.G. (Cornelius G.) (2023 NY Slip Op 00056)

Matter of M.G. (Cornelius G.)

2023 NY Slip Op 00056

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Docket No. NN-01825-21, NN-01826-21, NN-01827-21, NN-01828-21 Appeal No. 17040 Case No. 2022-01644 

[*1]In the Matter of M.G., and Others., Children Under Eighteen Years of Age, etc., Cornelius G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Bruce A. Young, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (David J. Kaplan, J.), entered on or about March 24, 2022, which, to the extent appealed from as limited by the briefs, determined, after a fact-finding hearing, that respondent father neglected the subject child Z.G. and derivatively neglected his other three children, unanimously affirmed, without costs.
Family Court's finding of neglect was supported by a preponderance of the evidence. It is undisputed that the father left one-year-old Z.G unattended in the bathtub for about two minutes, with the water running, while he went to clean up the kitchen, resulting in the child nearly drowning and going into cardiac arrest (see Matter of Dream F. [Phillystina R.], 187 AD3d 555, 556 [1st Dept 2020], lv dismissed 36 NY3d 962 [2021]; see also Matter of Leah VV. [Theresa WW.], 157 AD3d 1066, 1067 [3d Dept 2018], lv dismissed 31 NY3d 1037 [2018]).
In view of the foregoing, the court also correctly found that the father derivatively neglected his three other children (see Matter of Iris G. [Angel G.], 144 AD3d 908, 908 [2d Dept 2016]). The father's contention that he had no notice or opportunity to defend against these charges because they were not alleged in the petition is unpreserved, as he did not object or respond when petitioner requested the derivative neglect findings (see Matter of Michelle S., 195 AD2d 721, 722 [3d Dept 1993]). Further, the court properly sua sponte conformed the petition to the proof adduced at the hearing, as no surprise or prejudice could result, given the father's admissions (see Family Court Act § 1051[b]; Matter of Jose M.R. v Arian S., 209 AD3d 549 [1st Dept 2022]; Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023