Matter of E.F. (Miguel R.) (2024 NY Slip Op 01674)

Matter of E.F. (Miguel R.)

2024 NY Slip Op 01674

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Docket No. NN-856-7/22 Appeal No. 1909-1909A Case No. 2023-02591 

[*1]In the Matter of E.F., and Another, Children Under 18 Years of Age, etc., Miguel R., Respondent-Appellant, Cellisse F., Respondent, Administration for Children's Services, Petitioner-Respondent.

Andrew J. Baer, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for children.

Order of disposition, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about May 5, 2023, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about April 18, 2023, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The neglect finding is supported by a preponderance of evidence that the father's actions posed an imminent danger to the children's emotional and physical well-being (see Family Ct Act §§ 1012[f][i][B], 1046[b][i]). The record shows that on three occasions in 2020, the father committed acts of domestic violence in the presence of the older child, including an incident in which he punched the mother in the stomach when she was pregnant with the younger child (see Matter of Carmine G. [Franklin G.], 115 AD3d 594, 594 [1st Dept 2014]). Moreover, the mother and the father both testified that the older child tried to get in between them during the incident and kicked the father (see Matter of Kenny J.M. [John M.], 157 AD3d 593, 593 [1st Dept 2018]). We reject the father's assertion that there was no evidence of harm to the child during the incident, as it ignores that the child's physical proximity to the domestic violence created the imminent danger of harm underlying the neglect finding (see Matter of Amir R. [David M.], 188 AD3d 533, 533-534 [1st Dept 2020], lv denied 36 NY3d 911 [2021]).
Furthermore, the evidence that the father pleaded guilty to a criminal charge arising from one of those incidents, admitting that he attempted to violate a valid order of protection, provides additional support for the finding that he neglected the older child (see Matter of Angie G. [Jose D.G.], 111 AD3d 404, 404 [1st Dept 2013]). The court properly credited the mother's testimony in making its findings, and there is no basis to disturb those credibility determinations (see Matter of Heily A. [Flor F.—Gustavo A.], 165 AD3d 457, 457 [1st Dept 2018]).
As to the finding that the father neglected the younger child, the father did not object to the sufficiency of the petition, and therefore has failed to preserve his argument that he was deprived of notice or opportunity to defend against the derivative neglect charge because the petition did not allege it (see Matter of M.G. [Cornelius G.], 212 AD3d 437, 438 [1st Dept 2023]; Matter of Michelle S., 195 AD2d 721, 722 [3d Dept 1993]). In any event, the petition provided adequate notice that the allegations of neglect regarding the younger child were derivative in nature, based on the incidents of domestic violence committed in the presence of the older child near the time of the younger child's birth so that it was reasonable to conclude that the neglect still existed (Family Court Act § 1046[a][1]; see Matter of Tyjaa E. [Kareem McC.], 157 AD3d 420, 420 [1st Dept 2018[*2]]). The evidence of multiple acts of domestic violence in the presence of the older child also showed that the father's parental judgment and impulse control were so defective at the time of the fact-finding hearing as to create a substantial risk of harm to any child in his care, thus warranting the finding of neglect as to the younger child (see Matter of Joseph P. [Cindy H.], 112 AD3d 553, 554-555 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024