Matter of River W. (Briana C.B.) (2024 NY Slip Op 06350)

Matter of River W. (Briana C.B.)

2024 NY Slip Op 06350

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-07297
2023-07299
 (Docket Nos. N-1239-22, N-1240-22, N-3661-23)

[*1]In the Matter of River W. (Anonymous). Administration for Children's Services, respondent; Briana C. B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Chase B. (Anonymous). Administration for Children's Services, respondent; Briana C. B. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Chanell B. (Anonymous). Administration for Children's Services, respondent; Briana C. B. (Anonymous), appellant. (Proceeding No. 3)

Lauri Gennusa, Laurelton, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Hannah J. Sarokin of counsel), for respondent.
Robin Stone Einbinder, Flushing, NY, attorney for the child River W.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the children Chase B. and Chanell B.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Queens County (Monica D. Shulman, J.), dated July 10, 2023, and (2) an order of the same court dated August 4, 2023. The order dated July 10, 2023, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child River W. to her custody, denied the mother's application for the return of the subject children Chase B. and Chanell B. to her custody, continued the placement of Chase B. and Chanell B. in the custody of the petitioner pending a resolution of a dispositional hearing, and granted the petitioner's application, in effect, pursuant to Family Court Act § 1071 to revoke a suspended judgment dated September 21, 2022. The order dated August 4, 2023, granted the joint motion of the attorneys for the children to reopen the hearing on the mother's applications for the purpose of [*2]introducing evidence regarding an incident that allegedly occurred after the conclusion of the hearing.
ORDERED that the appeal from so much of the order dated July 10, 2023, as denied the mother's application pursuant to Family Court Act § 1028 for the return of River W. to her custody, denied the mother's application for the return of Chase B. and Chanell B. to her custody, and continued the placement of Chase B. and Chanell B. in the custody of the petitioner pending a resolution of a dispositional hearing is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order dated July 10, 2023, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated August 4, 2023, is dismissed as academic, without costs or disbursements.
In January 2022, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the subject children Chase B. and Chanell B. In an order of fact-finding and disposition dated September 21, 2022, after a fact-finding and dispositional hearing and upon the mother's consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), the Family Court found that the mother neglected Chase B. and Chanell B. The court entered a suspended judgment which directed the mother to comply with certain conditions, including individual therapy and drug screening, for a period of one year.
In March 2023, the petitioner commenced another proceeding pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the child River W. by failing to comply with the conditions set forth in the suspended judgment. The petitioner also moved, in effect, pursuant to Family Court Act § 1071, to revoke the suspended judgment on the ground that the mother failed to comply with the conditions set forth therein. All three children were temporarily removed from the mother's care.
Thereafter, the mother filed an application pursuant to Family Court Act § 1028 for the return of River W. to her custody and a separate application for the return of Chase B. and Chanell B. to her custody. After the conclusion of a hearing on those applications, on July 6, 2023, the attorneys for the children jointly moved to reopen the hearing for the purpose of introducing evidence regarding an alleged incident that occurred after the hearing concluded. In an order dated July 10, 2023, the court denied the mother's application pursuant to Family Court Act § 1028 for the return of River W. to her custody, denied the mother's application for the return of Chase B. and Chanell B. to her custody, and granted the petitioner's application to revoke the suspended judgment. In an order dated August 4, 2023, the court granted the motion of the attorneys for the children. The mother appeals from both orders.
The appeal from so much of the order dated July 10, 2023, as denied the mother's application pursuant to Family Court Act § 1028 for the return of River W. to her custody and the appeal from the order dated August 4, 2023, must be dismissed, as those appeals have been rendered academic in light of a subsequent order of fact-finding and disposition dated December 7, 2023 (see Matter of Ricardo O., 197 AD3d 1320, 1321).
The appeal from so much of the order dated July 10, 2023, as denied the mother's application for the return of Chase B. and Chanell B. and continued the placement of Chase B. and Chanell B. in the custody of the petitioner must be dismissed as academic in light of a subsequent order of disposition and a permanency hearing order, both dated October 17, 2023 (see Matter of Lizzie G. [Chastity G.], 184 AD3d 828, 829). However, that portion of the mother's appeal which, in effect, challenges the grounds for the Family Court's determination to revoke the suspended judgment is not academic (see e.g. Matter of Ricky Joseph V., 24 AD3d 683, 684). Contrary to the mother's contentions, a preponderance of the evidence established that the mother violated the terms [*3]of the suspended judgment (see id.; Matter of Junaro C., 145 AD2d 558, 559).
The mother's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court