■ In the Matter of IRVIN R., Also Known as ERVEN R., Also Known as WALTER K., JR. 2D. WALTER K., JR., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 1.) In the Matter of IRVIN R., Also Known as ERVEN R., Also Known as WALTER K., JR. 2D. WALTER K., JR., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Respondents. (Proceeding No. 2.) [684 NYS2d 255] —In two related proceedings pursuant to Family Court Act article 10 for neglect (Proceeding No. 1), and pursuant to Social Services Law § 384-b to terminate parental rights (Proceeding No. 2), the appeals are from (1) an order of the Family Court, Kings County (Bogacz, J.), dated June 4, 1997, which denied the father's motion to vacate an order of disposition of the same court entered upon his default in appearing at the fact-finding and dispositional hearings in Proceeding No. 1, and (2) an order of the same court, dated June 4, 1997, which denied the father's motion to vacate an order of disposition of the same court entered upon his default in appearing at the fact-finding and dispositional hearings in Proceeding No. 2.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court did not improvidently exercise its discretion when it denied the father's motion to vacate his default in the neglect proceeding. The father could not establish that his

nonappearance at the fact-finding and dispositional hearings was other than willful (*see,* Family Court Act § 1042).

In addition, the court did not improvidently exercise its discretion when it denied the father's motion to vacate his default in the proceeding to terminate his parental rights. The father failed to establish either a reasonable excuse for his default or a meritorious defense to the proceeding (*see,* CPLR 5015 [a] [1]; *see also, Matter of James Edward M., III,* 250 AD2d 685; *Matter of Ann D.,* 239 AD2d 575).

The father's remaining contentions are without merit. Mangano, P. J., O'Brien, Krausman and Goldstein, JJ., concur.