■ In the Matter of BABY BOY P., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; PATRICIA P., Appellant. [730 NYS2d 879] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 17, 1999, which, upon a fact-finding order of the same court, dated November 19, 1998, made after a hearing, finding, *inter alia*, that she had neglected the subject child, and, upon her default in appearing at the dispositional hearing, placed the child in the custody of the Commissioner of Social Services for a period of 12 months, and (2) an order of the same court, dated May 6, 1999, which denied her motion to vacate the March 17, 1999, order.

Ordered that the appeal from the order dated March 17, 1999, is dismissed, without costs or disbursements, as no appeal lies from an order entered upon the default of the appealing party (*see,* CPLR 5511); and it is further,

Ordered that the order dated May 6, 1999, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly denied her motion to vacate the order dated March 17, 1999, entered upon her default in appearing at the dispositional hearing. The appellant failed to demonstrate a reasonable excuse for the default or a meritorious defense to the proceeding. In her motion to vacate the order dated March 17, 1999, the appellant merely advised the court that she had been suffering from herpes and submitted a doctor's note to that effect. Moreover, the appellant failed to submit an affidavit of merit. As a result, the Family Court correctly concluded that the appellant "willfully refused to appear at the hearing"

(Family Ct Act § 1042; *see, Matter of Irvin R.,* 257 AD2d 624; *Matter of Cassandra M.,* 260 AD2d 962).

The Family Court's finding of neglect is supported by a preponderance of the evidence (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.,* 87 NY2d 73).

The appellant's remaining contentions are without merit. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.