Walter KING, Plaintiff–Appellant,

v.

COMMISSIONER AND NEW YORK
CITY POLICE DEPARTMENT,
Defendants–Appellees.

No. 00–9234.

United States Court of Appeals,
Second Circuit.

March 19, 2003.

Pasquale Ciccodicola, Lar 46(e), Jennifer Sarnelli, Lar 46(e), (Jon Romberg, supervising attorney, on the brief) Seton Hall University Center for Social Justice, Newark, NJ, for Plaintiff–Appellant.

Elizabeth S. Natrella, Fay Ng for Michael Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: FEINBERG, MESKILL, and CALABRESI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED

AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 19th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED IN PART and VACATED and REMANDED IN PART.

Plaintiff–Appellant Walter King appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*) dismissing his § 1983 claim against Defendants–Appellees, the Commissioner and the New York City Police Department ("NYPD"). Charitably construed, King's § 1983 claim, which he filed pro se, alleged (1) that the NYPD violated his constitutional rights when it arrested him and detained him for over three months, and (2) that the Department of Social Services violated his Due Process rights a) when it failed to notify him of a hearing at which his parental rights were terminated and b) when it arranged for him to visit with his son on the day of that hearing.

Defendants filed a motion for partial judgment on the pleadings, arguing (1) that, pursuant to the domestic relations exception to federal jurisdiction, the district court should abstain from exercising subject matter jurisdiction over King's claim that Defendants caused his parental rights to be terminated wrongfully, (2) that his suit on that claim is barred by the *Rooker–Feldman* doctrine or collateral estoppel, and (3) that the complaint should be dismissed in its entirety against the NYPD, because the NYPD is a non-suable city agency.

In response, King's appointed counsel argued that neither the "domestic relations exception," the *Rooker–Feldman* doctrine, nor collateral estoppel were applicable to Plaintiff's claims against the Department of Social Services. As to his claims against the NYPD, King (1) acknowledged that the NYPD is a non-suable entity, (2) conceded that "it appears that probable cause did exist for plaintiff's arrest even though the charges later turned out to be unfounded," and (3) stated that he had "no objection to the dismissal of the complaint as to the [NYPD] ... [but sought] leave to amend his complaint to include the City of New York and the New York City Commissioner of Social Services as defendants."

The district court's hearing on the motion focused entirely on King's claim involving the termination of his parental rights, and the court concluded that it was without jurisdiction to hear that claim. No mention was made of King's allegations of unlawful arrest, prosecution, and detention. Nevertheless, in the judgment issued after the hearing, the court dismissed the case in its entirety "for the reasons stated orally on the record." This appeal followed.

I.

The domestic relations exception to federal jurisdiction "is not based on Article III of the Constitution but is instead an interpretation of the diversity statute, 28 U.S.C. § 1332." *Williams v. Lambert,* 46 F.3d 1275, 1283 (2d Cir.1995) (citing *Ank-*

*enbrandt v. Richards,* 504 U.S. 689, 700–02, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992)). Moreover, "the exception is very narrow.... [It does not] strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree ... or a child custody decree." *Id.* (quoting *Ankenbrandt,* 504 U.S. at 701–02, 112 S.Ct. 2206 (citation omitted)).

The instant appeal is brought pursuant to the court's federal question jurisdiction, not its diversity jurisdiction. Nevertheless, the City argues that the domestic relations exception is not limited to diversity cases. Although this seems contrary to precedent, the city does cite language to support its argument. *See, e.g., Ankenbrandt,* 504 U.S. at 703, 112 S.Ct. 2206 (concluding, after explaining that the exception is a limitation on the courts' diversity jurisdiction, that "the domestic relations exception, as articulated by this Court since *Barber,* divests the federal courts of power to issue divorce, alimony, and child custody decrees").

■ We need not examine this question, however, because even under the broadest interpretation of the exception, it applies only to cases that seek issuance or modification of divorce, alimony, or child custody decrees. Appellant is not seeking a domestic relations award, and he is not asking that his parental rights be reinstated. Instead, his complaint seeks monetary damages. The domestic relations exception to federal jurisdiction is therefore irrelevant to this action.

## II.

"The *Rooker–Feldman* doctrine holds that inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court.'" *Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir.2002) (quoting *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996)). Jurisdiction is also lacking where plaintiff's claims before the district court are "inextricably intertwined" with the state court's determinations. *Id.* (citing and quoting *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). We have held that

> "inextricably intertwined" means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding (as either the plaintiff or defendant in that proceeding), subsequent litigation of the claim will be barred under the *Rooker–Feldman* doctrine if it would be barred under the principles of preclusion.

*Moccio,* 95 F.3d at 199–200. Because both parties to the instant appeal agree that claim preclusion (i.e., res judicata) is not applicable to this case, the question is whether issue preclusion (i.e., collateral estoppel) applies. We hold that it does, as to some of Appellant's claims.

"Under New York law, the doctrine of issue preclusion only applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995) (footnote omitted).

■ King argued in the New York Appellate Division that his absence from the termination hearing was excusable because he was visiting with his son and the Department of Social Services did not tell him about the hearing. The Appellate Division concluded that "[t]he father could

not establish that his nonappearance at the fact-finding and dispositional hearings was other than willful," and that "[t]he father failed to establish either a reasonable excuse for his default or a meritorious defense to the proceeding." *In re Irvin R.,* 257 A.D.2d 624, 624–25, 684 N.Y.S.2d 255 (N.Y.App.Div.1999). On the basis of these conclusions, the Appellate Division ultimately held that "[t]he Family Court did not improvidently exercise its discretion when it denied the father's motion to vacate his default" in the proceedings. *Id.* at 624, 684 N.Y.S.2d 255. The issue Appellant raises with respect to the social service department's conduct, then, was considered and ruled upon by the Appellate Division, and its findings on that point were "essential to the decision" it rendered.

It follows that Appellant's claims with respect to the Department of Social Services and its actions are barred by collateral estoppel, and under the *Rooker–Feldman* doctrine the district court had no jurisdiction to hear them.

### III.

Appellant's trial counsel conceded that there was probable clause for his arrest and also conceded that the complaint should be dismissed against the New York City Police Department. Appellees interpret these two concessions as indicating trial counsel's "intent to withdraw this claim in its entirety." Appellant's counsel on appeal, however, note that their predecessor "specifically stated that she intended to replace the NYPD with the 'City of New York' because the NYPD 'does not maintain independent legal status,' ... implying that her concern was with the status of the defendant rather than the nature of the claim." Moreover, they say,

"trial counsel expressed only an intent to drop a false arrest claim, not a wrongful seizure or malicious prosecution claim based on facts that became apparent after the arrest."

At the hearing in which the district court granted Appellee's motion for partial judgment on the pleadings and dismissed the suit, no mention whatsoever was made of Appellant's claims with respect to his arrest, detention, and prosecution. Nevertheless, the district court dismissed the case in its entirety "for the reasons stated orally on the record." In light of that omission, the dismissal must be vacated in part and remanded for clarification of the district court's decision with respect to Appellant's claims arising from his detention and prosecution. *See Beckford v. Portuondo,* 234 F.3d 128, 130 (2d Cir.2000) (per curiam) ("If the court fails to make findings and to give an explanation, and the reason for the court's ruling is not clear to us, we will remand for findings and an explanation." (*quoting Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 99 (2d Cir.1997)).

### IV.

On the basis of the foregoing, we AFFIRM the district court's dismissal of Appellant's claims involving the actions of the Department of Social Services with respect to termination of his parental rights.[1] We VACATE the dismissal of Appellant's claims involving his prosecution and detention, and REMAND for further proceedings not inconsistent with this opinion.

---

**1.** Given Appellant's counsel's concession we also AFFIRM the district court's dismissal of

Appellant's claim that his arrest lacked probable cause.