■ In the Matter of CHRISTIAN T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUTHER T., Appellant. (Proceeding No. 1.) In the Matter of ADREEN T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUTHER T., Appellant. (Proceeding No. 2.) [785 NYS2d 93]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Queens County (Richardson-Thomas, J.), dated December 3, 2003, which, upon the denial of his motion to vacate a fact-finding order of the same court dated September 19, 2003, entered upon his default in appearing at the fact-finding hearing, and finding that he had neglected the subject children, placed the children in the custody of their paternal grandmother for a period of 12 months.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the appellant's motion to vacate the fact-finding order entered upon his default in appearing at the fact-finding hearing. The appellant contends that he did not appear because he lost the date slip. This, however, was the same reason he gave when he successfully moved to vacate a prior fact-finding order entered on his default. In addition, the appellant made no credible effort to determine the date of his hearing after he supposedly lost the slip. Under these circumstances, the Family Court correctly concluded that the appellant "willfully refused to appear at the hearing" (Family Ct Act § 1042; *see Matter of Irvin R.*, 257 AD2d 624 [1999]; *Matter of W. Children*, 256 AD2d 412, 413 [1998]; *Matter of Commissioner of Social Servs. [Corrine B.] v Margaret D.*, 221 AD2d 439 [1995]; *Matter of Jamel H.*, 187 AD2d 513 [1992]). Smith, J.P., H. Miller, S. Miller and Crane, JJ., concur.