■ In the Matter of LeVonn G., a Child Alleged to be Neglected. Cecelia G., Appellant; Suffolk County Department of Social Services, Respondent. [800 NYS2d 428]—

In a child neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Suffolk County (Genchi, J.), dated October 23, 2003 which, after a hearing, found that she had neglected her child, (2) a decision of the same court entered July 23, 2004, (3) an order of disposition of the same court entered August 13, 2004, which, after a hearing, inter alia, placed the child in the custody of the Commissioner of Social Services of Suffolk County, (4) a decision of the same court dated August 2, 2004, and (5) an order of the same court dated August 16, 2004, which, after a hearing, extended placement of the subject child until July 19, 2005.

Ordered that the appeal from the fact-finding order dated October 23, 2003, and the decision entered July 23, 2004, are dismissed, without costs or disbursements, as that order and decision were superseded by the order of disposition entered August 13, 2004; and it is further,

Ordered that the appeal from the decision dated August 2, 2004, is dismissed, without costs or disbursements, as that decision was superseded by the order dated August 16, 2004; and it is further,

Ordered that the order of disposition entered August 13, 2004, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated August 16, 2004, is affirmed, without costs or disbursements.

Contrary to the mother's contention, the finding of neglect against her is supported by a preponderance of the evidence (*see* Family Ct Act § 1012; *Matter of Baby Boy P.*, 287 AD2d 458, 459 [2001]). The evidence, inter alia, demonstrated that the child's emotional condition was impaired or placed in imminent danger of impairment by the mother's unwillingness to pursue a recommended course of psychiatric treatment for him (*see Matter of Felicia D.*, 263 AD2d 399 [1999]; *Matter of Jonathan C.*, 195

AD2d 554 [1993]). In addition, the Family Court providently exercised its discretion by drawing a negative inference against the mother upon her failure to testify at the fact-finding hearing (*see Matter of Joseph C.,* 297 AD2d 673 [2002]).

Under the circumstances of this case, the Family Court providently exercised its discretion in conforming the pleadings to the proof adduced during the fact-finding hearing, and in combining the dispositional and placement hearings. The record fails to demonstrate that the mother was prejudiced or surprised by either determination (*see Matter of Nikole B.,* 263 AD2d 622 [1999]; *Matter of Michelle S.,* 195 AD2d 721 [1993]).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.