■ In the Matter of SAMANTHA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR EUGENE S., JR., Appellant, et. al., Respondents. (Proceeding No. 1.) In the Matter of LEGEND B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR EUGENE S., JR., Appellant, et al., Respondents. (Proceeding No. 2.) In the Matter of ALEXANDER B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR EUGENE S., JR., Appellant, et al., Respondents. (Proceeding No. 3.) [897 NYS2d 915]—

In related child neglect proceedings pursuant to Family Court Act article 10, Arthur Eugene S. appeals from (1) an order of

the Family Court, Kings County (Grosvenor, J.), dated February 5, 2009, which denied his motion to vacate an order of fact-finding of the same court dated September 29, 2008, entered upon his default, and (2) an order of disposition of the same court dated April 1, 2009, which, upon his default, directed the release of the subject children to the mother's custody and directed him to complete a sex-offender rehabilitation program.

Ordered that the appeal from the order of disposition dated April 1, 2009, is dismissed, without costs or disbursements, as no appeal lies from an order entered on the default of the appealing party (*see* CPLR 5511; *Matter of Geraldine Rose W.*, 196 AD2d 313 [1994]); and it is further,

Ordered that the order dated February 5, 2009, is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the motion of the appellant, a "person legally responsible for the child's care" (Family Ct Act § 1042), to vacate a fact-finding order entered upon his default in appearing at the fact-finding hearing, as he "willfully refused to appear at the hearing" (*id.*). In moving to vacate his default, the appellant informed the Family Court that he was taking medication which rendered him unable to function. However, he failed to submit any evidence as to the nature of the medication, why he was taking it, and its effects on him. Moreover, the appellant had an extensive history of both lateness and failing to appear throughout the proceedings. Accordingly, the Family Court properly concluded that the appellant willfully failed to appear at the hearing (*id.*; *see Matter of John R.*, 49 AD3d 544, 545 [2008]; *Matter of Viergela A.*, 40 AD3d 630, 631-632 [2007]; *Matter of Baby Boy P.*, 287 AD2d 458, 458 [2001]; *Matter of Irvin R.*, 257 AD2d 624, 624-625 [1999]; *Matter of Clifford J.*, 238 AD2d 244 [1997]; *Matter of Commissioner of Social Servs. v Margaret D.*, 221 AD2d 439 [1995]). Moreover, the appellant failed to set forth a meritorious defense to the allegations in the petition (*see* Family Ct Act § 1042). The conclusory assertions in his moving papers, without more, were insufficient to establish the existence of a meritorious defense (*see Matter of Atkin v Atkin*, 55 AD3d 905 [2008]; *Matter of Coates v Lee*, 32 AD3d 539 [2006]; *Matter of Vanessa F.*, 9 AD3d 464, 464 [2004]; *Matter of Iris R.*, 295 AD2d 521, 522 [2002]; *Matter of Jazel Dominique D.*, 209 AD2d 410, 411 [1994]). Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.