■ In the Matter of Jenna C. Administration for Children's Services, Respondent; Omisa C., Appellant. (Proceeding No. 1.)

In the Matter of ELIJAH L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; OMISA C., Appellant, et al., Respondent. (Proceeding No. 2.) [917 NYS2d 650]—

In related neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Queens County (McGowan, J.), dated June 11, 2010, which, inter alia, (1) denied that branch of her motion which was to vacate an order of fact-finding of the same court dated June 8, 2009, which, upon her default in appearing at the fact-finding hearing, found that she neglected the child Jenna C., (2) denied that branch of her motion which was to vacate an order of disposition of the same court dated September 17, 2009, which, upon her default in appearing at the dispositional hearing, placed Jenna C. with the Commissioner of Social Services, and (3) denied the branch of her motion which was for an award of visitation with the subject children.

Ordered that the order dated June 11, 2010, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court providently exercised its discretion in denying those branches of the mother's motion which were to vacate an order of fact-finding and an order of disposition each of which was entered upon her default in appearing at the respective hearings (*see* Family Ct Act § 1042; *Matter of Devon Defonte B.-S. [Christine B.]*, 73 AD3d 1037 [2010]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]; *Matter of Christian T.*, 12 AD3d 613 [2004]; *Matter of Irvin R.*, 257 AD2d 624 [1999]). In moving to vacate her defaults, the mother failed to provide any excuse for her failure to appear at the hearings.

Moreover, the mother failed to set forth a potentially meritorious defense to the allegations in the petition (*see* Family Ct Act § 1042). The conclusory assertions in her moving papers, without more, were insufficient to establish the existence of a potentially meritorious defense (*see Matter of Devon Defonte B.-S. [Christine B.]*, 73 AD3d 1037 [2010]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d at 683; *Matter of Christian T.*, 12 AD3d at 613; *Matter of Irvin R.*, 257 AD2d at 624).

The Family Court may deny visitation where it "finds that the child's life or health would be endangered thereby" (Family Ct Act § 1030 [c]). Contrary to the mother's contention, the Family Court providently exercised its discretion in denying, without a hearing, the branch of her motion which was for an

award of visitation with the subject children. The Family Court was not required to hold a hearing on that branch of the mother's motion because it was "fully familiar with the relevant background facts from several prior proceedings, and possessed sufficient information to render an informed determination consistent with the best interests of the children" (*Matter of Attallah N.*, 65 AD3d 1047, 1048 [2009]).

The mother's remaining contentions are without merit, are not properly before us, or have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.