In the Matter of DIMITRI G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALEX G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ANYAH W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALEX G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TYMEKE W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ALEX G., Appellant, et al., Respondent. (Proceeding No. 3.) [974 NYS2d 494]—

In related child neglect proceedings pursuant to Family Court Act article 10, Alex G. appeals from an order of the Family Court, Richmond County (Wolff, J.), dated June 23, 2011, which denied, without a hearing, that branch of his motion which was to vacate so much of an order of fact-finding and disposition of the same court (McElrath, J.), dated October 1, 2009, as, upon his default in appearing, found that he neglected the child Tymeke W. and derivatively neglected the child Anyah W., and granted that branch of his motion which was to vacate so much of the same order of fact-finding and disposition as found that he derivatively neglected the child Dimitri G. only to the extent of directing a hearing to determine whether he was validly served with the petition relating to Dimitri G.

Ordered that the appeal from so much of the order dated June 23, 2011, as granted that branch of the motion of Alex G. which was to vacate so much of the order of fact-finding and disposition as found that he derivatively neglected Dimitri G. only to the extent of directing a hearing to determine whether he was validly served with the petition relating to Dimitri G. is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated June 23, 2011, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order dated June 23, 2011, as granted that branch of the appellant's motion which was to vacate so much of an order of fact-finding and disposition dated October 1, 2009, as found that he derivatively neglected the child Dimitri G. only to the extent of directing a hearing as to whether the appellant was validly served with the petition re-

lating to Dimitri G. must be dismissed as academic. After holding a hearing regarding the validity of service, the Family Court, in an order dated December 21, 2011, dismissed that petition for lack of personal jurisdiction, and no appeal from that order has been taken. As the ultimate relief desired on appeal insofar as it concerns Dimitri G. has already been obtained, "that portion of the appeal has been rendered academic" (*Matter of Herbert H. [Herbert A.H.]*, 70 AD3d 694, 694 [2010]; *see Matter of Anthony B.-A. [Chandra B.]*, 88 AD3d 702 [2011]).

The Family Court providently exercised its discretion in denying that branch of the appellant's motion which was to vacate so much of an order of fact-finding and disposition dated October 1, 2009, as, upon his default in appearing, found that he neglected the child Tymeke W. and derivatively neglected the child Anyah W., as alleged in petitions dated September 11, 2008. The Family Court, after a hearing, concluded that the appellant was properly served with those petitions. Further, the court properly concluded that the appellant "willfully refused to appear at the hearing" with respect to those petitions (Family Ct Act § 1042; *see Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]). Moreover, the appellant failed to demonstrate a potentially meritorious defense to the petitions (*see Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 942 [2011]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d at 683; *cf. Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751, 753-754 [2012]).

The appellant's remaining contentions are without merit. Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.