*769 In a child neglect proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Kelly, J.), dated December 4, 2012, as denied his motion to vacate an order of fact-finding of the same court dated September 21, 2012, which, upon his failure to appear at the fact-finding hearing, found that he had neglected the subject child.
Ordered that the order dated December 4, 2012, is affirmed insofar as appealed from, without costs or disbursements.
The Family Court providently exercised its discretion in denying the father’s motion to vacate an order of fact-finding entered upon his failure to appear at the fact-finding hearing. Contrary to the father’s contention, in moving to vacate his default, he did not provide a reasonable excuse for his failure to appear at the continuation of the fact-finding hearing, and did not establish a potentially meritorious defense to the allegations of the petition (see Matter of Zeeyana B. [Darnell B.], 84 AD3d 1227 [2011]; Matter of Jenna C. [Omisa C.], 81 AD3d 941, 942 [2011]; Matter of Devon Defonte B.-S. [Christine B.], 73 AD3d 1037 [2010]). The father, who had successfully obtained three mistrials and discharged five separate court-appointed attorneys in this proceeding, candidly admitted that he had failed to appear for the continuation of the fact-finding hearing because he was trying to find a way to stop the case from moving forward. The father’s contention on appeal that he was deprived of the opportunity to testify on his own behalf or call witnesses is without merit, as the record shows that the Family Court repeatedly adjourned the proceeding in order to afford him such an opportunity. Balkin, J.E, Chambers, Lott and Hinds-Radix, JJ., concur.