■ In the Matter of MICHAEL O.F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAUSAT O., Appellant. (Proceeding No. 1.) In the Matter of JOSEPH O.A., JR. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FAUSAT O., Appellant. (Proceeding No. 2.) [989 NYS2d 343]—

In two related child neglect proceedings pursuant to Family Court Act article 10, Fausat O. appeals from an order of the Family Court, Richmond County (Wolff, J.), dated April 24, 2013, which denied her motion to vacate a fact-finding order of the same court dated April 2, 2012, and two dispositional orders of the same court (one as to each child), dated June 27, 2012, and June 28, 2012, respectively, made upon her failure to appear at the fact-finding and dispositional hearings.

Ordered that the appeal from so much of the order dated April 24, 2013, as denied those branches of the motion which were to vacate the dispositional orders is dismissed as academic, without costs or disbursements, as the periods of placement and supervision have expired and Joseph A., Jr., has reached 18 years of age; and it is further,

Ordered that the order dated April 24, 2013, is affirmed insofar as reviewed, without costs or disbursements.

The dispositional orders have expired by their own terms. Accordingly, the appeal from so much of the order dated April 24, 2013, as denied those branches of the appellant's motion which were to vacate the dispositional order dated June 27, 2012, which released Michael F. to the appellant's custody and placed the appellant under the supervision of the Administration for Children's Services until June 27, 2013, and the dispositional

order dated June 28, 2012, which placed Joseph A., Jr., in the care of the Commissioner of Social Services until the completion of the next permanency hearing, held on July 12, 2012, must be dismissed as academic (*see Matter of John N.*, 19 AD3d 497, 498 [2005]). Moreover, Joseph A., Jr., attained the age of 18 during the pendency of this appeal (*see Matter of Ashanti R.*, 66 AD3d 1031 [2009]; *Matter of Shontae R.*, 48 AD3d 1006 [2008]). Nevertheless, that branch of the motion which was to vacate the fact-finding order dated April 2, 2012, has not been rendered academic, "since a finding of neglect constitutes a permanent and significant stigma from which potential consequences may flow" (*Matter of Fatima A.*, 276 AD2d 791, 792 [2000]).

The Family Court providently exercised its discretion in denying that branch of the appellant's motion which was to vacate the fact-finding order dated April 2, 2012, which, upon her failure to appear, found that she neglected the subject children. The Family Court properly concluded that the appellant "willfully refused to appear at the hearing" (Family Ct Act § 1042; *see Matter of Dimitri G. [Alex G.]*, 110 AD3d 1077 [2013]; *Matter of Samantha B. [Arthur Eugene S.]*, 72 AD3d 682, 683 [2010]). Moreover, the appellant failed to demonstrate a potentially meritorious defense to the amended petitions (*see Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 942 [2011]; *Matter of Samantha B.*, 72 AD3d at 683; *cf. Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751, 753-754 [2012]).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.