In the Matter of SAMANTHA P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WILLIAM C., Appellant, et al., Respondent. [7 NYS3d 499]—

Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated January 15, 2014. The order denied the father's motion pursuant to Family Court Act § 1042 to, in effect, vacate an order of fact-finding dated January 4, 2013, and an order of disposition, also dated January 4, 2013, both entered upon the father's failure to appear at a fact-finding hearing, and, thereupon, to reopen the fact-finding hearing.

Ordered that the order dated January 15, 2014, is affirmed, without costs or disbursements.

This proceeding was commenced pursuant to Family Court Act article 10 against, among others, the father. The petition alleged, inter alia, that the subject child was neglected. The father failed to appear at the fact-finding hearing. In an order of fact-finding dated January 4, 2013, the Family Court found that the father had neglected the subject child. In an order of disposition, also dated January 4, 2013, the Family Court, inter alia, directed that the subject child be placed in the custody of the Department of Social Services of the City of New York.

In December 2013, the father moved pursuant to Family Court Act § 1042 to, in effect, vacate the order of fact-finding and the order of disposition, and, thereupon, to reopen the fact-finding hearing. The Family Court denied the motion. We affirm.

"If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under [Family Court Act article 10] if the child is represented by counsel" (Family Ct Act § 1042). "[T]he parent or other person legally responsible for the child's care may move to vacate the order of disposition and schedule a rehearing" within one year after being served with a copy of the order of disposition (*id.*). "Such motion shall be granted on an affidavit showing . . . a meritorious defense to the petition, unless the court finds that the parent or other person willfully refused to appear at the hearing, in which case the court may deny the motion" (*id.*).

Here, the Family Court providently exercised its discretion in denying the father's motion. The record supports the conclusion that the father's failure to appear at the fact-finding hearing was willful, and that he failed to establish a potentially meritorious defense to the amended petition (*see* Family Ct Act § 1042; *Matter of Zeeyana B. [Darnell B.]*, 84 AD3d 1227, 1227 [2011]; *Matter of Jenna C. [Omisa C.]*, 81 AD3d 941, 942 [2011]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.