■ In the Matter of Annata M. Administration for Children's Services, Respondent; Clinton B., Appellant. (Proceeding No. 1.) In the Matter of Clevon D.-B. Administration for Children's Services, Respondent; Clinton B., Appellant. (Proceeding No. 2.) In the Matter of Cori M. Administration for Children's Services, Respondent; Clinton B., Appellant. (Proceeding No. 3.) In the Matter of Tyrone M. Administration for Children's Services, Respondent; Clinton B., Appellant. (Proceeding No. 4.) In the Matter of Charla D.-B. Administration for Children's Services, Respondent; Clinton B.,

Appellant. (Proceeding No. 5.) In the Matter of CAFRICA D.-B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CLINTON B., Appellant. (Proceeding No. 6.) In the Matter of MICHAEL M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CLINTON B., Appellant. (Proceeding No. 7.) [35 NYS3d 148]—

Appeal from an order of the Family Court, Kings County (Barbara Salinitro, J.), dated May 7, 2015. The order denied Clinton B.'s motion to vacate an order of fact-finding of that court (Emily M. Olshansky, J.), dated May 19, 2014, which, upon his failure to appear at a fact-finding hearing and after an inquest, found that he neglected the subject children.

Ordered that the order dated May 7, 2015, is affirmed, without costs or disbursements.

The appellant is a person legally responsible for the care of Annata M., Tyrone M. and Michael M., and the biological parent of Clevon D.-B., Cori M., Charla D.-B and Cafrica D.-B. The petitioner commenced the instant proceedings pursuant to Family Court Act article 10 alleging that the appellant neglected the subject children. Following an inquest upon the appellant's failure to appear at a fact-finding hearing, the Family Court issued an order of fact-finding dated May 19, 2014, finding that the appellant neglected the subject children. Thereafter, the appellant moved to vacate the order of fact-finding. The Family Court denied the motion.

When, as here, a party seeking to vacate an order entered upon default seeks a discretionary vacatur and raises a jurisdictional objection, the jurisdictional question must be resolved before determining whether it is appropriate to grant a discretionary vacatur (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984 [2016]; Vapnersh v Tabak, 131 AD3d 472 [2015]; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045 [2014]). A process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (see Velez v Forcelli, 125 AD3d 643, 644 [2015]; Sileo v Victor, 104 AD3d 669 [2013]). Although a sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the movant fails to swear to specific facts to rebut the statements in the process server's affidavit (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Scarano v Scarano, 63 AD3d 716, 716 [2009]). Here, the appellant's bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie

proof of proper service (*see Rabinowitz v Rabinowitz*, 137 AD3d 884 [2016]; *Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]). Accordingly, no hearing was required.

If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the child is represented by counsel (*see* Family Ct Act § 1042). However, a timely motion to vacate the resulting fact-finding order shall be granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition unless the court finds that the parent or other person legally responsible for the child's care willfully refused to appear at the hearing (*see* Family Ct Act § 1042; *Matter of Mark W. [Juanita W.]*, 107 AD3d 816, 817-818 [2013]; *Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751, 753-754 [2012]). Here, the appellant's conclusory affidavit, without more, was insufficient to establish a potentially meritorious defense to the petitions alleging that he neglected the subject children (*see Matter of Camellia R.W. [Ann M.]*, 134 AD3d 848 [2015]; *Matter of Evelyn R. [Franklin R.]*, 117 AD3d 957 [2014]). Thus, the Family Court providently exercised its discretion in denying the appellant's motion to vacate the fact-finding order (*see Matter of Samantha P. [William C.]*, 127 AD3d 1094 [2015]; *Matter of Michael O.F. [Fausat O.]*, 119 AD3d 785, 786 [2014]; *Matter of Devyn B. [Duncan B.-R.]*, 114 AD3d 768 [2014]; *Matter of Dimitri G. [Alex G.]*, 110 AD3d 1077 [2013]).

The appellant's remaining contentions are without merit. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.