Matter of Jalaysia S. (Joshua S.) (2019 NY Slip Op 00886)





Matter of Jalaysia S. (Joshua S.)


2019 NY Slip Op 00886


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-12939
 (Docket No. N-11778-15)

[*1]In the Matter of Jalaysia S. (Anonymous). Westchester County Department of Social Services, respondent; Joshua S. (Anonymous), appellant.


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda Trentacoste and David H. Chen of counsel), for respondent.
Donna E. Abrams, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), entered November 1, 2017. The order denied the father's motion to vacate an order of fact-finding and disposition of the same court entered May 10, 2017, entered upon his failure to appear at the fact-finding and dispositional hearings.
ORDERED that the order entered November 1, 2017, is affirmed, without costs or disbursements.
This child neglect proceeding pursuant to Family Court Act article 10 was commenced against, among others, the father of the subject child. The father failed to appear both on the final date of the fact-finding hearing and at the dispositional hearing. In an order of fact-finding and disposition entered May 10, 2017, the Family Court found that the father had neglected the child, and directed that the child be placed in the custody of the Commissioner of the Westchester County Department of Social Services. The father subsequently moved to vacate the order of fact-finding and disposition. The Family Court denied the motion, and the father appeals.
"If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under [Family Court Act article 10] only if the child is represented by counsel . . . [and] the parent or other person legally responsible for the child's care may move to vacate the order of disposition and schedule a rehearing" within one year of being served with a copy of the order of disposition with notice of entry (Family Ct Act § 1042). "Such motion shall be granted on an affidavit showing . . . a [potentially] meritorious defense to the petition" (id.).
Here, we agree with the Family Court's determination to deny the father's motion to vacate the order of fact-finding and disposition. The father's conclusory affidavit, and the conclusory affirmation of his counsel, without more, were insufficient to establish a potentially meritorious defense to the allegations of the petition (see Family Ct Act § 1042; Matter of Annata M. [Clinton C.], 140 AD3d 959, 961; Matter of Zeeyana B. [Darnell B.], 84 AD3d 1227; Matter of Jenna C. [Omisa C.], 81 AD3d 941, 942).
The father's remaining contentions are unpreserved for appellate review, lack merit, or need not be reached in view of the foregoing determination.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court