Matter of Sophia S. (Robert S.) (2021 NY Slip Op 04141)





Matter of Sophia S. (Robert S.)


2021 NY Slip Op 04141


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2020-06326
 (Docket Nos. N-17522-19, N-17523-19)

[*1]In the Matter of Sophia S. (Anonymous). Administration for Children's Services, respondent; Robert S. (Anonymous), appellant. (Proceeding No. 1)
 In the Matter of Olivia S. (Anonymous). Administration for Children's Services, respondent; Robert S. (Anonymous), appellant. (Proceeding No. 2)


Angella S. Hull, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Devin Slack and Cynthia Kao of counsel), for respondent.
Mindy L. Gress, Brooklyn, NY, attorney for the child Sophia S.
Karen P. Simmons, Brooklyn, NY (Chai Park and Janet Neustaetter of counsel), attorney for the child Olivia S.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated July 30, 2020. The order denied the father's motion, in effect, to vacate an order of fact-finding of the same court dated January 16, 2020, which, upon his failure to appear at a fact-finding hearing, and after an inquest, found that he neglected the subject children.
ORDERED that the order dated July 30, 2020, is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the father neglected the subject children. In an order of fact-finding dated January 16, 2020, the Family Court, upon the father's default in appearing at the fact-finding hearing, found that the father neglected the children. The court thereafter issued an order of disposition dated February 7, 2020. The father then moved, in effect, to vacate the order of fact-finding. The court denied the motion, and the father appeals.
If the parent or other person legally responsible for the children's care is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the children are represented by counsel (see Family Ct Act § 1042; Matter of Keith A.H. [Andrew H.], 180 AD3d [*2]902, 903). "However, a timely motion to vacate the resulting fact-finding order shall be granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition, unless the court finds that the parent or other person legally responsible for the child's care willfully refused to appear at the hearing" (Matter of Keith A.H. [Andrew H.], 180 AD3d at 903-904; see Family Ct Act § 1042).
Here, the Family Court properly denied the father's motion, in effect, to vacate the order of fact-finding. The father's conclusory affidavit was insufficient to establish a potentially meritorious defense to the allegations in the petitions (see Matter of Keith A.H. [Andrew H.], 180 AD3d at 904; Matter of Jalaysia S. [Joshua S.], 169 AD3d 695, 696). In addition, the record supports the court's determination that the father willfully refused to appear at the fact-finding hearing (see Matter of Samantha P. [William C.], 127 AD3d 1094, 1095; Matter of Christian T., 12 AD3d 613, 613). The court informed the father that it may proceed if he failed to appear, an advisement akin to Parker warnings in criminal matters (see People v Parker, 57 NY2d 136; Matter of Elizabeth T. [Leonard T.], 3 AD3d 751, 752-753), yet the father failed to appear at the fact-finding hearing. Despite the court's admonishment, the father also did not attempt to contact his counsel or the court to find out the date of the fact-finding hearing (see Matter of Michael O.F. [Fausat O.], 119 AD3d 785, 786; Matter of Nicholas S., 46 AD3d 830, 831; Matter of Christian T., 12 AD3d at 613).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court