Matter of Chaim G. (Joshua S.) (2023 NY Slip Op 01000)

Matter of Chaim G. (Joshua S.)

2023 NY Slip Op 01000

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-06362
 (Docket No. N-15314-17)

[*1]In the Matter of Chaim G. (Anonymous). Administration for Children's Services, respondent;
and
Joshua S. (Anonymous), appellant.

Salihah R. Denman, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Lorenzo Di Silvio of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Joshua S. appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated July 22, 2021. The order denied the motion of Joshua S. to vacate an order of fact-finding and disposition of the same court dated March 19, 2021, which, upon his failure to appear at a continued fact-finding hearing, inter alia, found that he neglected the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 against Joshua S., a person legally responsible for the care of the subject child, alleging that he neglected the child. In an order of fact-finding and disposition dated March 19, 2021, the Family Court, upon the failure of Joshua S. to appear at a continued fact-finding hearing, inter alia, found that he neglected the child. Joshua S. then moved to vacate the order of fact-finding and disposition. In an order dated July 22, 2021, the court denied the motion. Joshua S. appeals.
If a parent or other person legally responsible for a child's care is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the child is represented by counsel (see id. § 1042). However, a timely motion to vacate the resulting fact-finding order "shall be granted" upon an affidavit showing, inter alia, a potentially meritorious defense to the petition, "unless the court finds that the parent or other person [legally responsible for the child's care] willfully refused to appear at the hearing" (id.; see Matter of Sophia S. [Robert S.], 195 AD3d 1033, 1033-1034; Matter of Keith A.H. [Andrew H.], 180 AD3d 902, 903-904). Here, Joshua S., in his affidavit in support of his motion, did not allege a potentially meritorious defense to the allegations in the neglect petition (see Matter of Skye H. [Tianna S.], 195 AD3d 711, 714; Matter of J.R.M.-C. [Antonio M.], 176 AD3d 623, 624). Accordingly, the Family Court providently exercised its discretion in denying his motion to vacate the order of fact-finding and disposition (see Family Ct Act § 1042; Matter of Keith A.H. [Andrew H.], 180 AD3d at 904).
In light of our determination, we need not reach Joshua S.'s remaining contention.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court