Matter of Samynee L. (Tashae T.) (2025 NY Slip Op 06061)

Matter of Samynee L. (Tashae T.)

2025 NY Slip Op 06061

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-08657
2024-08660
 (Docket Nos. N-7350-21, N-7351-21)

[*1]In the Matter of Samynee L. (Anonymous). Administration for Children's Services, respondent; Tashae T. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Dazinee F. (Anonymous). Administration for Children's Services, respondent; Tashae T. (Anonymous), appellant. (Proceeding No. 2.)
 Geanine Towers, Brooklyn, NY, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Elina Druker and MacKenzie Fillow of counsel), for respondent.
Janet L. Brown, Jamaica, NY, attorney for the child Dazinee F.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern), attorney for the child Samynee L.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated October 2, 2023, and (2) an order of disposition of the same court dated July 24, 2024. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the mother neglected the child Dazinee F. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the child Dazinee F. in the custody of the Commissioner of Social Services of Queens County, to reside in foster care with the Administration for Children's Services until the completion of the next permanency hearing.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements, except insofar as it brings up for review so much of the order of fact-finding as found that the mother neglected the child Dazinee F.; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In August 2021, the Administration for Children's Services (hereinafter ACS) commenced related proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the child Dazinee F., born in September 2006, among others, by inflicting excessive corporal punishment upon her. In an order of fact-finding dated October 2, 2023, made after a fact-finding hearing, the Family Court, inter alia, found that the mother neglected Dazinee F. In an order of disposition dated July 24, 2024, the court, after a hearing, among other things, placed Dazinee F. in the custody of the Commissioner of Social Services of Queens County, to reside in foster care with ACS until the completion of the next permanency hearing, which was scheduled for January 24, 2025.
The appeal from so much of the order of disposition as placed Dazinee F. in the custody of the Commissioner of Social Services of Queens County until the completion of the next permanency hearing must be dismissed as academic, as that portion of the order has expired (see Matter of Jemima M. [Aura M.], 151 AD3d 862), additional permanency hearings have thereafter been held (see Matter of Barry D. [Katrina B.], 178 AD3d 695), and Dazinee F. has reached the age of 18 (see Matter of Michael O.F. [Fausat O.], 119 AD3d 785, 786). However, the appeal from so much of the order of disposition as brings up for review the finding that the mother neglected Dazinee F. is not academic, since the adjudication of neglect constitutes a permanent and significant stigma, which might indirectly affect the mother's status in future proceedings (see Matter of Agam B. [Janna W.], 143 AD3d 702, 703).
"In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence that the subject child is neglected" (Matter of Shayla G. [Lakisha C.], 233 AD3d 682, 684 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]; Matter of Andrew M. [Brenda M.], 225 AD3d 764, 765). "[A]lthough parents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare, the use of excessive corporal punishment constitutes neglect" (Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1036 [internal quotation marks omitted]; see Family Ct Act § 1012[f][i][B]; Matter of Veronica M. [Ana M.], 229 AD3d 626, 627).
"[A] child's prior out-of-court statements relating to the alleged neglect may serve as the basis for a finding of neglect provided that these hearsay statements are corroborated, so as to ensure their reliability" (Matter of Malik M. [Taishona M.], 236 AD3d at 1036 [internal quotation marks omitted]). "The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated" (id. at 1037 [internal quotation marks omitted]). "The rule requiring corroboration is flexible, and any other evidence tending to support the reliability of the child's statements may be sufficient corroboration" (id. at 1036 [internal quotation marks omitted]; see Matter of Veronica M. [Ana M.], 229 AD3d at 628).
Here, the Family Court's determination that ACS established by a preponderance of the evidence that the mother neglected Dazinee F. by inflicting excessive corporal punishment upon her is supported by the record. Dazinee F.'s out-of-court statements were adequately corroborated by the testimony of a caseworker and the paternal great grandmother, and a video that was entered into evidence (see Matter of Veronica M. [Ana M.], 229 AD3d at 628).
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court