Matter of Schmerler v Schmerler

2026 NY Slip Op 01971

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Malka Schmerler, respondent,

v

Simon Schmerler, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-00807, (Docket No. O-16940-18)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Janice A. Taylor

Elena Goldberg Velazquez, JJ.

Gail Jacobs, Great Neck, NY, for appellant.

Latham & Watkins LLP, New York, NY (Kevin M. McDonough, Tia Thomas, and Alexandra O'Keefe, pro hac vice, of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, Simon Schmerler appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated January 2, 2024. The order denied Simon Schmerler's motion pursuant to CPLR 5015(a) to vacate an order of the same court dated December 11, 2023, granting the petitioner's unopposed motion to extend an order of protection of the same court dated August 2, 2018, and directing Simon Schmerler, inter alia, to stay away from the petitioner and the parties' children until and including August 1, 2028.

ORDERED that the order dated January 2, 2024, is affirmed, without costs or disbursements.

In 2018, the petitioner filed a family offense petition against Simon Schmerler (hereinafter the appellant). The parties stipulated to have a court attorney referee preside over the matter and to hear and determine "any future petitions and supplemental petitions," as well as any modifications of final orders of protection, that related to the instant matter. Following a hearing, the court attorney referee found that the appellant committed the family offenses of assault in the third degree, harassment in the second degree, and menacing, and issued a five-year order of protection in favor of the petitioner and the parties' children.

As the expiration date approached, the petitioner moved to extend the order of protection. The appellant failed to appear or oppose the motion. In an order dated December 11, 2023, the court attorney referee granted the petitioner's motion and determined that the petitioner had shown good cause to extend the order of protection for five years. Subsequently, the appellant moved pursuant to CPLR 5015(a) to vacate the order dated December 11, 2023. In an order dated January 2, 2024, the court attorney referee denied the appellant's motion. This appeal ensued.

Initially, the court attorney referee had the authority to determine this matter, since, contrary to the appellant's contention, the record demonstrates that both parties stipulated to have this matter heard and determined by a court attorney referee (see Matter of Mahoney v Hughes, 227 AD3d 908, 909; Matter of Moran v Lane, 218 AD3d 687, 688; Neumann v Hercz, 166 AD3d 790, 791).

Further, the appellant failed to preserve for appellate review his due process argument concerning the duration of the extension of the order of protection (see Matter of Deonna E. [Marvell C.], 104 AD3d 943, 944; Matter of Vanessa F., 9 AD3d 464, 464). In any event, the appellant failed to demonstrate that his due process rights were violated. Under the circumstances of this case, the appellant was provided with notice that the petitioner was seeking an extension of the order of protection and was given an opportunity to appear and present testimony and evidence (see Matter of Herry v Perry, 239 AD3d 742, 742).

"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Nurse v Marion 502, LLC, 241 AD3d 1352, 1353 [internal quotation marks omitted]; see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 846-847). Under CPLR 5015(a)(4), the moving defendant must overcome the presumption of proper service raised by a process server's affidavit of service (see Quicksilver Capital, LLC v Dixon Fin. Servs., LLC, 242 AD3d 916, 918; Nurse v Marion 502, LLC, 241 AD3d at 1353). "[N]o hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (RG Remodeling, Inc. v Greco, 231 AD3d 757, 758 [internal quotation marks omitted]; Matter of Annata M. [Clinton B.], 140 AD3d 959, 960), and "[b]are and unsubstantiated denials are insufficient to rebut the presumption of service" (RG Remodeling, Inc. v Greco, 231 AD3d at 758 [internal quotation marks omitted]). Here, the appellant's bare and unsubstantiated denial of service of the motion to extend the order of protection lacked the factual specificity and detail required to rebut the presumption of proper service (see Nurse v Marion 502, LLC, 241 AD3d at 1353; U.S. Bank N.A. v Plunkett, 241 AD3d 974, 976).

To the extent that the appellant's motion sought vacatur pursuant to CPLR 5015(a)(1), he was not entitled to such relief, as he failed to set forth a reasonable excuse for his default in opposing the petitioner's motion (see Matter of Riera v Ayabaca, 235 AD3d 643, 644; Matter of Harari v Banash, 228 AD3d 661, 662). Since the appellant did not provide a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense to the petitioner's motion (see Matter of Harari v Banash, 228 AD3d at 662; Matter of Aponte v Jagnarain, 205 AD3d 800, 802).

The appellant's remaining contentions are without merit.

LASALLE, P.J., CONNOLLY, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court