Matter of Najiana J. (Etophia L.)
2026 NY Slip Op 03803
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Najiana J. (Anonymous). Administration for Children's Services, respondent; Etophia L. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-13291, 2025-00861, (Docket No. N-4759-21)
Francesca E. Connolly, J.P.
Paul Wooten
Janice A. Taylor
Lisa S. Ottley, JJ.

Steven P. Forbes, Huntington, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Elizabeth I. Freedman and Jamison Davies of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated November 1, 2024, and (2) an order of the same court dated November 19, 2024. The order dated November 1, 2024, entered on consent, directed the final discharge of the subject child to the nonrespondent father. The order dated November 19, 2024, denied the mother's motion to vacate her default in appearing at a fact-finding hearing.
ORDERED that the appeal from the order dated November 1, 2024, is dismissed, without costs and disbursements; and it is further
ORDERED that the order dated November 19, 2024, is affirmed, without costs or disbursements.
The mother's appeal from the order dated November 1, 2024, entered on consent, directing the final discharge of the subject child to the nonrespondent father must be dismissed. No appeal lies from an order entered on the consent of the appealing party, since a party who consents to an order is not aggrieved thereby (see Matter of Najiana J. [Etophia L.], 214 AD3d 871).
The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the child. The mother thereafter failed to appear at a fact-finding hearing, and at the conclusion of the fact-finding hearing, the Family Court drew an adverse inference against the mother and found that she neglected the child. Thereafter, the mother moved to vacate her default in appearing at the fact-finding hearing. In an order dated November 19, 2024, the the Family Court denied her motion.
If a parent or other person legally responsible for the care of a child is not present, [*2]the Family Court may proceed to hear a petition pursuant to Family Court Act article 10 if the child is represented by counsel (see Matter of Sophia S. [Robert S.], 195 AD3d 1033). However, a timely motion to vacate a resulting fact-finding order shall be granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition, unless the court finds that the parent or other person legally responsible for the child's care willfully refused to appear at the fact-finding hearing (see Family Court Act § 1042; Matter of Keith A.H. [Andrew H.], 180 AD3d 902, 903-904).
Here, the Family Court providently exercised its discretion in denying the mother's motion to vacate her default in appearing at the fact-finding hearing. The mother did not sufficiently demonstrate a potentially meritorious defense to the allegations in the petition (see Matter of Chaim G. [Joshua S.], 213 AD3d 932; Matter of Sophia S. [Robert S.], 195 AD3d at 1034; Matter of Evelyn R. [Frankin R.], 117 AD3d 957).
The mother's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, TAYLOR and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court