▪ In the Matter of SKYLA C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN C., Appellant. (Proceeding No. 1.) In the Matter of ARYANNA C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN C., Appellant. (Proceeding No. 2.) [828 NYS2d 166]—In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from so much of an order of the Family Court, Suffolk County (Freundlich, J.), dated November 14, 2005, as denied his motion to vacate an order of fact-finding and disposition of the same court (O'Mara, J.), dated August 2, 2005, issued upon his default in appearing at the fact-finding and dispositional hearing.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Family Court Act § 1042 allows a parent who was not present for a hearing conducted under Family Court Act article 10 to seek a rehearing of a petition. Such a parent is entitled to a rehearing where he or she submits an affidavit demonstrating a meritorious defense to the petition, unless the court finds that the parent "willfully refused to appear at the hearing" (Family Ct Act § 1042). Here, the Family Court properly denied the father's motion to vacate the order of fact-finding and disposition dated August 2, 2005, entered upon his default, as he failed to allege the existence of a meritorious defense.

The father's contention that the Family Court erred in directing the entry of an order of protection prohibiting his visitation with the subject children is academic, as the court, upon the father's motion to vacate his default, modified the order of protection (*see* Family Ct Act § 1061) and allowed him supervised

visitation with the subject children. Schmidt, J.P., Rivera, Santucci and Krausman, JJ., concur.