■ In the Matter of DONTE B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 1.) In the Matter of KHALIF B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 2.) In the Matter of RICKEY B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 3.) In the Matter of SHYTAUN B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 4.) In the Matter of TASHEEM B., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 5.) [880 NYS2d 554]—In five related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Richmond County (McElrath, J.), dated August 18, 2008, which denied his motion to vacate an order of fact-finding of the same court dated April 25, 2008, which, upon his default in appearing at a fact-finding hearing, found that he had neglected the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in denying the father's motion to vacate the order of fact-finding. Where a parent is not present in court during the hearing of a petition pursuant to Family Court article 10, Family Court Act § 1042 permits a rehearing upon an affidavit showing the parental relationship and a meritorious defense, unless the court finds that the parent "willfully refused to appear at the hearing." The father in his affidavit in support of his motion did not allege a meritorious defense to the allegations in the neglect petition (*see Matter of John R.,* 49 AD3d 544, 545 [2008]; *Matter of Skyla C.,* 36 AD3d 614 [2007]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur.