Matter of Keith A. H. (Andrew H.) (2020 NY Slip Op 01164)





Matter of Keith A. H. (Andrew H.)


2020 NY Slip Op 01164


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-01030
2019-01808
 (Docket Nos. N-5420-16, N-5419-16)

[*1]In the Matter of Keith A. H. (Anonymous). Administration for Children's Services, respondent; Andrew H. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Anthony S. H. (Anonymous). Administration for Children's Services, respondent; Andrew H. (Anonymous), appellant. (Proceeding No. 2)


Marion C. Perry, Brooklyn, NY, for appellant.
James E. Johnson, New York, NY (Fay Ng and Daniel Matza-Brown of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Amy Hausknecht of counsel) attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of disposition of the Family Court, Richmond County (Arnold Lim, J.), dated September 24, 2018, and (2) an order of the same court dated December 5, 2018. The order of disposition, upon an order of fact-finding of the same court dated June 18, 2018, and after a dispositional hearing, inter alia, released the subject children to the custody of the nonrespondent mother and required the father to engage in certain services. The order dated December 5, 2018, denied the father's motion, in effect, to vacate the order of fact-finding, which, upon his failure to appear at a fact-finding hearing, and after an inquest, found that he neglected the subject children.
ORDERED that the appeal from the order of disposition is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated December 5, 2018, is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging that the father neglected the subject children. In an order of fact-finding dated June 18, 2018, the Family Court, upon the father's default in appearing at the fact-finding hearing, found that the father neglected the subject children. The court thereafter issued an order of disposition dated September 24, 2018. The father then moved, in effect, to vacate the order of fact-finding. The court [*2]denied the motion by order dated December 5, 2018. The father appeals from the order of disposition and the order dated December 5, 2018.
The appeal from the order of disposition must be dismissed as the dispositional portion of the order has been rendered academic since it has expired by its own terms (see Matter of April M.B. [Phyllis B.], 174 AD3d 890, 890-891), and the portion of the order which brings up for review the finding of neglect was entered upon the father's default (see CPLR 5511).
If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the child is represented by counsel (see Family Ct Act § 1042). However, a timely motion to vacate the resulting fact-finding order shall be granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition, unless the court finds that the parent or other person legally responsible for the child's care willfully refused to appear at the hearing (see Family Ct Act § 1042; Matter of Mark W. [Juanita W.], 107 AD3d 816, 817-818). Here, the father, in his affidavit in support of his motion, did not allege a potentially meritorious defense to the allegations in the neglect petitions (see Matter of Donte B., 63 AD3d 1057, 1057). Thus, we agree with the Family Court's determination to deny the father's motion, in effect, to vacate the order of fact-finding entered upon his default (see Matter of Annata M. [Clinton B.], 140 AD3d 959, 961).
We need not reach the father's remaining contentions in light of our determination.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court